**The STATE of Ohio, Appellee,**

v.

**RICKARD, Appellant.**

[Cite as *State v. Rickard* (1997), 122 Ohio App.3d 185.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–213.

Decided Aug. 1, 1997.

*Julia R. Bates*, Lucas County Prosecuting Attorney, and *John Weglian*, Assistant Prosecuting Attorney, for appellee.

*Joseph P. Rickard, pro se.*

*Per Curiam.*

This appeal comes before the court from a judgment of the Lucas County Court of Common Pleas that denied appellant's second successive petition for post-conviction relief.

In June 1993, appellant, Joseph P. Rickard, was convicted of the crime of murder, a violation of R.C. 2903.02. Appellant appealed his conviction; we affirmed. See *State v. Rickard* (Mar. 31, 1994), Lucas App. No. L–93–205, unreported, 1994 WL 110830.

In March 1995, appellant filed, pursuant to R.C. 2953.21, a motion for post-conviction relief that contained allegations of ineffective assistance of counsel in four separate respects. The petition was subsequently dismissed by the trial court. Appellant appealed this judgment. Again, this court affirmed the decision of the trial court. *State v. Rickard* (Dec. 15, 1995), Lucas App. No. L–95–144, unreported, 1995 WL 738882.

On May 23, 1996, appellant filed a second petition for post-conviction relief. He alleged that his conviction was void or voidable on constitutional grounds. Appellant argued that his right to effective assistance of counsel under the Sixth Amendment to the Constitution of the United States was denied because (1) counsel failed to call a key alibi witness, (2) counsel failed to object to the misconduct of the prosecutor when the prosecutor withheld material evidence, and (3) counsel failed to move for a mistrial when the trial court failed to disclose material information that wrongfully denied the defense the right to a peremptory challenge. Appellant's petition was supported by the affidavit of his alibi witness, who stated that, prior to appellant's murder trial, his trial counsel was aware of the fact that she could provide an alibi for appellant.

On June 12, 1996, and without holding a hearing, the trial court denied appellant's petition. The court determined that, under R.C. 2953.21(A), the entertainment of successive post-conviction petitions is within the sound discretion of the court and that successive petitions for post-conviction relief can be dismissed by application of the doctrine of *res judicata.*

Appellant appeals this judgment and sets forth the following assignments of error:

"I.

"Was appellant denied effective assistance of counsel before and during the trial of which the outcome of his trial would have been different or changed? By his counsel's acts and failure to guaranteed [*sic* ] the defendant's rights under the Ohio Constitution and under the United States Constitution? Guaranteed by the

Sixth Amendment to the U.S. Constitution, and Article One, Section Ten, of the Ohio Constitution.

### "II.

"Did the trial counsel error [*sic*] to the substantial prejudice of appellant in changing the jury by denying the defendant–appellant witness or witnesses who would have put him across town and away from the scene?

### "III.

"Did the trial counsel error [*sic*] and trial counsel, when the misconduct of the prosecutor withheld material evidence?

### "IV.

"Did the trial counsel error [*sic*] in not holding evidentiary hearing as required by Section 2953.21 of the Ohio Revised Code, as a determination on the merits of the petition could not be made without resort to evidence *dehors* the record at a hearing since appellant claimed grounds for relief not entirely disputed by the record?

### "V.

"Did the trial court fail to satisfy the requirement of Section 2953.21 of the Ohio Revised Code by not filing adequate 'findings of facts [*sic*] and conclusions of law' which state adequate reasoning in dismissing petition."

Appellant's five assignments of error shall be considered together.

■ All but one of appellant's claims of ineffective assistance of counsel were raised in his prior petition for post-conviction relief and are, therefore, barred by the doctrine of *res judicata*. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus; *State v. Apanovitch* (1995), 107 Ohio App.3d 82, 667 N.E.2d 1041.

Appellant's remaining claim alleges that trial counsel's performance was deficient because he failed to call the woman as a witness who could provide appellant with an alibi. Appellant supported this allegation with affidavits from Stacy Smith, who asserted that she was in the company of appellant at the time the murder happened and that appellant's trial counsel was aware of this fact. Smith averred that she did not tell appellant that trial counsel was aware of his alibi until February 1996.

The prior version of R.C. 2953.23(A), as effective December 9, 1967, allowed a trial court to, in its discretion and for good cause shown, entertain a second or

successive petition for post-conviction relief. See, also, *State ex rel. Jennings v. Nurre* (1995), 72 Ohio St.3d 596, 598, 651 N.E.2d 1006, 1007–1008. R.C. 2953.23, as effective, September 21, 1995, reads:

"(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court *may not entertain* a * * * a second petition or successive petitions for similar relief on behalf of a petitioner *unless both of the following apply:*

"(1) Either of the following applies:

"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

"(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

"(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." (Emphasis added.)

From the language of the statute, it appears that the legislature intended to limit the discretion of the court in entertaining successive petitions for post-conviction relief based on similar grounds to those which satisfied the statutory requirements. In applying those requirements, we conclude that appellant's petition and supporting affidavits failed to offer evidence to satisfy R.C. 2953.23(A)(1) and (A)(2).

■ There is nothing in appellant's petition to suggest that an analysis of R.C. 2953.23(A)(1)(b) is necessary in this case. In addition, appellant failed to offer evidence to fulfill the requirements of R.C. 2953.23(A)(1)(a). The facts set forth in Smith's affidavit were available prior to and during appellant's trial. Appellant failed to offer any facts whatsoever to show that he was unavoidably prevented from discovering these facts.

Moreover, even if we would find that appellant was "unavoidably prevented" from finding that his trial counsel knew of the existence of his alibi witness, he failed to satisfy the second prong of the test. That is, he failed to show, by clear and convincing evidence, that, but for this error on the part of trial counsel, no reasonable factfinder would have found him guilty. Therefore, the trial court could not consider appellant's second petition for post-conviction relief.

Accordingly, the court had neither a duty to hold a hearing on appellant's petition nor a duty to issue findings of fact and conclusions of law. See, also, *State ex rel. Jennings v. Nurre, supra* (If the court dismisses a successive petition for post-conviction relief, the issuance of findings of fact and conclusions of law is a matter within the court's discretion.).

Appellant's assignments of error are found not well taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to petitioner-appellant.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., HANDWORK and SHERCK, JJ., concur.