JOURNAL ENTRY AND OPINION
Appellant, Charles Brooks, is appealing the denial of his second motion for post-conviction relief. For the following reasons, we affirm.
After a jury trial, appellant was convicted of aggravated murder with a firearm specification. On direct appeal, the conviction was affirmed. State v. Brooks (Aug. 31, 1995), Cuyahoga App. No. 67870, unreported. Appellant's assignments of error included sufficiency of evidence, manifest weight and ineffective assistance of counsel. Id. 
Appellant's first motion for post-conviction relief asserted that: (1) Appellant was incarcerated for 75 days before counsel was appointed. (2) Appellate counsel was ineffective. (3) Appellant was denied effective assistance of counsel during his trial because counsel did not enter the plea of not guilty by reason of insanity; counsel never requested rulings on the motions to suppress; and counsel failed to object to admission of a 911 tape and failed to object to jury instructions. Appellant attached the affidavit of Sherine Boston, who averred that the State coerced Robert Hiram into testifying. Appellant did not raise any arguments concerning this affidavit.
The first petition for post-conviction relief was denied. Findings of Fact and Conclusions of Law were issued on October 28. 1997.
In his second petition for post-conviction relief, appellant asserted: (1) The findings of fact and conclusions of law for the first petition were insufficient. (2) He was entitled to another review of the allegations in his first petition because he was not represented by counsel on his first petition and did not appeal the court's denial of said petition. (3) Appellant recently obtained the affidavit of Vera Brooks, which was previously unobtainable. Vera Brooks averred that her brother, Robert Hiram, was threatened with incarceration by the police and manipulated into testifying for the State. Brooks stated that Robert Hiram perjured himself on the stand.
The court denied the petition. Findings of Fact and Conclusions of Law were entered on April 21, 1998. Appellant filed the notice of appeal on May 4, 1998. The notice of appeal states that appellant is appealing the denial of both his first and second motions for post-conviction relief.
We will first consider whether appellant may appeal the denial of the first post-conviction motion. Appeals of post-conviction motions must be filed within thirty days after entry of the findings of fact and conclusions of law. See State v. Mapson
(1982), 1 Ohio St.3d 217. A delayed appeal pursuant to App. R. 5 is not available in the appeal of a post-conviction relief determination, which is a civil proceeding. State v. Nichols
(1984), 11 Ohio St.3d 40. An appeal of the denial of the first motion is untimely, and this court lacks jurisdiction to consider such an appeal. See Rundle v. Rundle (1997), 123 Ohio App.3d 304,306.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED TN DENYING APPELLANT'S POST CONVICTION PETITION WITHOUT ADHERING TO STATUTORY REQUIREMENTS AND VIOLATING APPELLANT'S FOURTEENTH AMENDMENT RIGHT OF DUE PROCESS, AND EQUAL PROTECTION OF LAW AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
Appellant contends that the court dismissed his motion for post-conviction relief without a hearing and without reviewing the facts and the record. A petition for post-conviction relief is subject to dismissal without conducting a hearing when the record indicates that the petitioner is not entitled to relief and he failed to submit evidentiary documents containing operative facts to demonstrate relief is warranted. State v. Kapper (1983), 5 Ohio St.3d 36, 38. A petitioner is entitled to relief only if the petitioner's rights were denied so as to render the judgment void or voidable under either the Ohio or the United States Constitutions. State v. Perry (1967), 10 Ohio St.2d 175,178.
If an issue could have been raised on direct appeal without resort to evidence dehors the record, the doctrine of resjudicata precludes consideration of the issue in a petition for post-conviction relief. State v. Cole (1982), 2 Ohio St.3d 112. An issue raised in a previous petition for post-conviction relief is res judicata on a subsequent motion for post-conviction relief. See State v. Rickard (1997), 122 Ohio App.3d 185, 187;State v. Apanovitch (1995), 107 Ohio App.3d 82; State v. Cotton
(May 8, 1997), Cuyahoga App. Nos. 71234, 71235, unreported. Trial courts are not required to entertain successive petitions which allege the same grounds as earlier petitions. State v. Steffen
(1994), 70 Ohio St.3d 399, 410; State of Ohio ex rel. Workman v.McGrath (1988), 40 Ohio St.3d 91. To the extent appellant's second motion for post-conviction relief was a reiteration of the allegations in his first motion, these allegations are resjudicata.
Appellant contends the trial court failed to make sufficient findings of fact and conclusions of law on the first motion, and therefore, the issues in his first motion were not finally adjudicated. The trial court addressed the merits of each issue raised in the first motion. See Mapson, supra; State v. Lester
(1975), 41 Ohio St.2d 51. We do not see any deficiency in the findings of fact and conclusions of law on the first motion.
Appellant raised one argument in his second motion that was not raised in his first motion. Appellant claimed that Robert Hiram committed perjury during the trial. Vera Brooks averred that her brother perjured himself at appellant's trial. Appellant did not show that he was unavoidably prevented from discovering the perjury. See R.C. 2953.23 (A) (1) (a); State v. Rickard (1997),122 Ohio App.3d 185; State v. Owens (1997), 121 Ohio App.3d 34;State v. Martinelli (Dec. 5, 1996), Cuyahoga App. No. 70120, unreported. Thus, the court had neither a duty to hold a hearing on appellant's petition nor a duty to issue findings of fact and conclusions of law. Rickard, supra at 189.
Appellant asserts that the trial court did not review the transcript in evaluating appellant's second motion for post-conviction relief. The Findings of Fact and Conclusions of Law do not mention whether the transcript was reviewed. It must be presumed that the trial court consulted the transcript, because the record does not show otherwise. See State v. Ledger (1984),17 Ohio App.3d 94, 98; State v. Williams (1991), 74 Ohio App.3d 686,694; cf. State v. Davis (March 11, 1999), Cuyahoga App. No. 72764, unreported.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second and third assignments of error state:
 PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND UNDER SECTION 10, ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO.
 TRIAL COURT VIOLATED PETITIONER'S RIGHT OF DUE PROCESS, AND EQUAL PROTECTION OF LAW BY IMPROPERLY INSTRUCTING JURY, AND INFLUENCE DURING THE JURY INSTRUCTION, AND NOT ADHERING TO PROCEDURE.
These two issues were or could have been raised on direct appeal and are res judicata. See State v. Cole (1982), 2 Ohio St.3d 112. These issues are also res judicata because they were raised in appellant's first petition for post-conviction relief. See State v. Rickard (1997), 122 Ohio App.3d 185, 187; State v.Apanovitch (1995), 107 Ohio App.3d 82; State v. Cotton (May 8, 1997), Cuyahoga App. Nos. 71234, 71235, unreported.
Accordingly, these assignments of error are overruled. The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J. AND ANNE L. KILBANE, J., CONCUR.
 __________________ ANN DYKE PRESIDING JUDGE