JOURNAL ENTRY and OPINION
Appellant Michael Murawski challenges the trial court's denial of his successive petition for post-conviction relief. Murawski assigns the following error for our review.
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S SECOND PETITION FOR POSTCONVICTION RELIEF, FILED PURSUANT TO R.C. 2953.23, WHERE IT HAS BEEN CLEARLY SHOWN THAT THE PROSECUTION WITHHELD FROM THE DEFENSE AND OTHERWISE FAILED TO DISCLOSE EXCULPATORY, MATERIAL AND ADMISSIBLE EVIDENCE, AND THAT SUBSTANTIVE CONSTITUTIONAL RIGHTS OF THE APPELLANT WERE PREJUDICED THEREBY.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
A jury convicted Murawski of four counts of rape, one count of gross sexual imposition, and one count of kidnapping. The trial court sentenced him to four consecutive terms of fifteen to twenty— five years for the rape counts, fifteen to twenty-five years for kidnapping, and two and one-half to five years for gross sexual imposition. Murawski appealed his conviction arguing manifest weight of the evidence, competency to stand trial, allied offenses, and prosecutorial misconduct. This court affirmed his conviction in State v. Murawski (Nov. 10, 1993), Cuyahoga App. No. 63024, unreported. Thereafter, Murawski's appeal to the Ohio Supreme Court was dismissed in State v. Murawski (1994), 69 Ohio St.3d 1477.
On October 26, 1993, Murawski filed his first post-conviction petition titled "Petition to Vacate and/or Set Aside Judgment" which raised the following claims: the prosecution failed to disclose the victim's arrest for solicitation; the prosecution used perjured testimony which deprived petitioner of due process and adequate recourse during trial proceedings; defense counsel failed to perfect a defense resulting in denial of due process and straining the attorney-client relationship; the manifest weight of the evidence favored a not guilty verdict. The trial court denied the petition on December 9, 1993.
On June 5, 1995, Murawski filed a "Brief and Assignments of Error" in the trial court, which appears to be his second post— conviction petition, although not titled as such. In this petition, Murawski set forth "assignments of error" challenging the prosecutor's failure to produce evidence of the victim's arrest for solicitation; the prosecutor's failure to disclose an agreement between the state and the victim; the presentation of perjurious testimony; the trial court's error in preventing the defense from cross-examining the victim on matters concerning her credibility; the denial of his right to a fair trial; and the trial court's deprivation of his right to present a defense.
The trial court treated Murawski's "brief" as a motion to vacate or set aside judgment and denied the motion in a June 21, 1995 journal entry.
On February 26, 1998, Murawski filed a third petition which he titled "Second Petition to Vacate or Set Aside Judgment and/or Sentence under R.C. 2953.21." The petition set forth four claims, which included the victim's prior arrest for the sex offense of misdemeanor solicitation and her failure to appear in court from October 1991 to May 1994. Murawski attached to his petition the transcript of the victim's testimony at Murawski's trial; a copy of a Cleveland Municipal Court docket sheet with a 10/15/91 journal entry showing a capias warrant for the victim; a copy of a 10/11/91 complaint against the victim for soliciting; a copy of a Cleveland Municipal Court docket sheet with a 5/12/94 journal entry showing the victim's guilty plea for solicitation sentence for a fine of $50.00 with $25.00 suspended; and copies of cases holding that prior false accusations of rape made by the victim are not barred by the rape shield law. The trial court summarily denied the petition in an April 27, 1998 journal entry. This appeal followed.
In his assignment of error, Murawski argues the trial court erred in denying his petition for post-conviction relief. Murawski's first and successive petitions for post-conviction relief challenged the state's failure to disclose evidence that the victim had been charged with prostitution. Accordingly, the claims raised in Murawski's second and third petition for post-conviction relief are barred by the doctrine of res judicata. State v. Rickard (1997), 122 Ohio App.3d 185, 187, citing State v. Perry (1967), 10 Ohio St.2d 175 at paragraph nine of the syllabus andState v. Apanovitch (1995), 107 Ohio App.3d 82, appeal dismissed (1996), 75 Ohio St.3d 1474.
 The Supreme Court has held that additional filings made after a first round of direct appeals and post-conviction relief are likely to be made for purposes of delay in an attempt to abuse the court system. We believe successor petitions made on identical facts or issues are presumptively more likely to be filed for purposes of delay. In our view, forbidding courts to apply principles of res judicata to successor petitions ignores the obvious—defendants have been employing delaying tactics which serve only to further undermine public confidence in the expeditious administration of justice. Res judicata is an integral part of the law of this state, and, among things, seeks to save time and to relieve court congestion. Although we constantly seek to assure ourselves that a conviction is supported by sufficient evidence, appellate review of convictions is not endless.
Apanovitch at 89. (Citations omitted).
"If the claims brought in a second petition for post-conviction relief are ones that were or could have been brought in an earlier petition for post-conviction relief, a trial court does not abuse its discretion in denying the second petition for post-conviction relief on the basis of res judicata." State v.Finfrock (Oct. 16, 1998), Montgomery App. No. 16944, unreported. See also State v. Cotton (May 8, 1997), Cuyahoga App. Nos. 71234, 71235, unreported, appeal dismissed (1997), 80 Ohio St.3d 1432. ("Trial courts need not entertain successive petitions for post— conviction relief which allege the same grounds as earlier petitions.
After the oral argument was completed in this case, we accepted Murawski's notice of supplemental authority in which he cited to Apanovitch for the proposition that the defense of resjudicata is an affirmative defense which is waived if not raised by the state. He argued that the state did not raise the issue of res judicata in a response to his petition for postconviction relief and that, consequently, the doctrine of res judicata cannot be applied to his case. We disagree.
The record reveals that the state failed to argue res judicata in response to this successive petition. During oral argument, the state offered an explanation for this failure. We are mindful that failure to raise res judicata constitutes a waiver of that defense. See Apanovitch at 89. However, in its response to Murawski' s earlier petitions, the state did raise the issue of res judicata with respect to Murawski's claims. Because this petition is similar to past petitions, we conclude the state's failure to raise the defense is not fatal. Consequently, the constraints of Apanovitch are inapplicable.
Accordingly, Murawski's claims are barred by the doctrine of res judicata.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J. and
 ROCCO, J., CONCUR.
 PATRICIA ANN BLACKMON JUDGE