OPINION
This appeal is taken from a final judgment of the Ashtabula County Court of Common Pleas. Appellant, Thomas A. Pasqualone, appeals from the denial of a second petition for postconviction relief.
Just before midnight on October 15, 1996, appellant struck and killed a bicyclist with his truck on State Route 534 in Ashtabula County. The police arrested appellant and transported him to a local hospital for treatment of minor injuries. During the course of this treatment, the hospital staff obtained a blood sample from appellant for diagnostic purposes. A subsequent chemical analysis of the sample revealed that appellant had a blood-alcohol level of .210 more than five hours after the fatal accident. The police ultimately obtained an official copy of the blood-alcohol test results from the hospital pursuant to R.C. 2317.02(B)(2).
The Ashtabula County Grand Jury indicted appellant on one count of aggravated vehicular homicide in violation of R.C. 2903.06. Counsel for appellant filed a pretrial motion to suppress all physical and testimonial evidence, including the blood-alcohol test from the hospital. The trial court conducted a suppression hearing on March 4, 1997. Based upon the evidence adduced at this hearing, the trial court denied the motion.
The case proceeded to a jury trial later that month. At trial, the state called several police officers and other witnesses who had contact with appellant in the immediate aftermath of the accident. The state also introduced the evidence obtained from the formal hospital report detailing appellant's blood-alcohol concentration. The jury convicted appellant of aggravated vehicular homicide, and the trial court sentenced him to a definite term of imprisonment of five years.
Appellant instituted a direct appeal from his conviction. This court affirmed the judgment of the trial court. See State v.Pasqualone (Mar. 31, 1999), Ashtabula App. No. 97-A-0034, unreported, 1999 Ohio App. LEXIS 1429.
While his direct appeal was still pending in this court, appellant filed a pro se petition for postconviction relief in the trial court on October 27, 1997. The trial court denied the petition on the basis that it failed to set forth substantive grounds upon which appellant was entitled to relief.
On May 14, 1998, appellant filed a second pro se petition for postconviction relief in the trial court. As grounds for relief in this successive petition, appellant alleged that his conviction should be vacated because the police unlawfully obtained the results of the blood-alcohol analysis from the hospital. In addition, appellant claimed that he was deprived of his Sixth Amendment right to effective assistance of counsel during the March 4, 1997 hearing on the motion to suppress.
The trial court overruled this petition by judgment entry on July 1, 1998. In doing so, the trial court found that appellant had not complied with the requirements for filing a second or successive petition for postconviction relief as set forth by R.C.2953.23(A).
From this judgment, appellant timely filed a pro se notice of appeal and brief with this court. He asserts the following as error:
"[1.] Unlawfully obtained evidence[;]
"[2.] Ineffective assistance of counsel"[1]
In his first assigned error, appellant contends that the police did not comply with the provisions of R.C.2317.02(B)(2)(a) when obtaining the results of the blood-alcohol analysis conducted by the hospital. Specifically, appellant claims that he introduced documentary evidence proving that the police unlawfully obtained the results immediately after the blood sample was drawn in the early morning hours of October 16, 1996. According to appellant, however, the police did not officially demand a copy of the blood-alcohol analysis from the hospital until they submitted the form required by R.C. 2317.02(B)(2)(a) on October 23, 1996.[2]
In his second assigned error, appellant maintains that his trial counsel was ineffective at the March 4, 1997 hearing on the motion to suppress. Specifically, appellant claims that his attorney rendered ineffective assistance by not investigating the discrepancy regarding the release date of the blood-alcohol test results prior to the suppression hearing.
As noted previously, the postconviction relief petition which forms the basis of the instant appeal was the second such petition filed by appellant. Consequently, R.C. 2953.23(A) was triggered. It provides:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
By its express terms, R.C. 2953.23(A) governs untimely and successive petitions for postconviction relief. If a petition is untimely or successive, it is subject to dismissal without a hearing unless both criteria under R.C. 2953.23(A)(1) and (2) are satisfied.[3]
In the case sub judice, the trial court concluded that appellant's petition and supporting documentation failed to meet these statutory requirements. We agree.
With regard to the first criterion, appellant claims that he "was unavoidably prevented" from discovering certain facts upon which he relied to present his claim for postconviction relief in the second petition. The facts in question relate to appellant's contention that the police unlawfully obtained the results of the blood-alcohol test from the hospital prior to submitting the form required by R.C. 2317.02(B)(2)(a) on October 23, 1996.[4]
As evidence of his claim, appellant attached a photocopy of an October 18, 1996 newspaper article to his petition for postconviction relief. The article detailed a bail hearing which was held on October 17, 1996 in the Western Division of the Ashtabula County Court before appellant was bound over to the Ashtabula County Court of Common Pleas for trial. According to the article, the judge made reference to the fact that appellant had a blood-alcohol level of .24 following the accident.[5]
Appellant claims that the article proves that the police must have obtained the results of the blood-alcohol test prior to the submission of the R.C. 2317.022 form on October 23, 1996.
As noted by the trial court, appellant was not "unavoidably prevented" from discovering these facts. Appellant was present at the bail hearing when his purported blood-alcohol level was mentioned in open court. Since appellant was contemporaneously aware that his blood-alcohol concentration was referenced at the bail hearing, he was not prevented from discovering any pertinent facts prior to the submission of his second petition for postconviction relief. Moreover, if appellant wished to raise this issue, he could have done so on direct appeal.
Consequently, R.C. 2953.23(A)(1)(a) did not apply. Moreover, appellant made no attempt to argue that R.C. 2953.23(A)(1)(b) had any application to the case at bar. Appellant's petition, therefore, could have been dismissed solely for its failure to comply with R.C. 2953.23(A)(1).
Beyond this, however, we would note that appellant failed to satisfy R.C. 2953.23(A)(2) for at least two reasons. First, even if we assume arguendo that the hospital informed the police of the blood-alcohol test results prior to the submission of the R.C.2317.022 form, such action definitely did not amount to constitutional error.[6] A constitutional violation requires governmental action. If there was an unauthorized "leak," the record does not demonstrate that it stemmed from police or governmental activity. Furthermore, the police were absolutely entitled to demand a copy of the blood-alcohol analysis under R.C.2317.02(B)(2)(a). Thus, the use of the test results at trial most assuredly did not "render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" See R.C. 2953.21(A)(1).
Second, even if the test results had not been introduced at trial, there was an abundance of other evidence to prove that appellant was highly intoxicated at the time of the accident. Numerous witnesses who observed appellant immediately after the collision testified that appellant veritably reeked of alcohol, vomited, staggered when he walked, had bloodshot eyes and slurred speech, and urinated in the back of a police car. See Pasqualone, 1999 Ohio App. LEXIS 1429, at 5-6. Standing alone, this testimony would have been sufficient to prove that appellant was intoxicated. The state used appellant's intoxication to establish the element of recklessness, which was required to sustain his conviction for aggravated vehicular homicide. Thus, appellant could not show by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense, but for the admission of the test results at trial.
The trial court correctly determined that it was barred from entertaining appellant's petition because it did not meet the criteria set forth under R.C. 2953.23(A). As such, the trial court's denial of the petition without a hearing was proper. See,e.g., State v. Rickard (1997), 122 Ohio App.3d 185; State v.Israfil (Feb. 13, 1998), Montgomery App. No. 16498, unreported, 1998 WL 57790; State v. Velez (Jan. 7, 1998), Lorain App. No. 97CA006696, unreported, 1998 WL 15593.
Based on the foregoing analysis, the assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed.
 __________________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.
[1] We would note that appellant did not set forth proper assignments of error as envisioned by Local Rule 12(C)(4) of the Eleventh District Court of Appeals. After the pro se brief was filed, this court appointed counsel to represent appellant. Upon doing so, we granted counsel leave to file a supplemental brief if he so desired, but counsel chose not to exercise this option.
[2] R.C. 2317.02(B)(2)(a) provides in part:
 "(2)(a) If any law enforcement officer submits a written statement to a health care provider that states that an official criminal investigation has begun regarding a specified person or that a criminal action or proceeding has been commenced against a specified person, that requests the provider to supply to the officer copies of any records the provider possesses that pertain to any test or the results of any test administered to the specified person to determine the presence or concentration of alcohol, a drug of abuse, or alcohol and a drug of abuse in the person's blood, breath, or urine at any time relevant to the criminal offense in question, and that conforms to section 2317.022 of the Revised Code, the provider, except to the extent specifically prohibited by any law of this state or of the United States, shall supply to the officer a copy of any of the requested records the provider possesses."
[3] As the statute makes clear, R.C. 2953.23(A)(1) can be satisfied by demonstrating that either (a) or (b) of that subdivision is applicable.
[4] At the pretrial hearing on the motion to suppress, Trooper Jerry DuFour of the Ohio State Highway Patrol testified that he obtained a copy of the results from the hospital on October 23, 1996. In addition, the state introduced into evidence a copy of the form complying with R.C. 2317.022, dated October 23, 1996, which was used by Trooper DuFour.
[5] In actuality, the evidence introduced at trial demonstrated that appellant had a blood-alcohol content of .210 when the test was performed more than five hours after the fatal accident.
[6] Indeed, a likely scenario is that the hospital didorally inform the police about the results of the blood-alcohol test in the early morning hours of October 16, 1996. The police, however, did not obtain a written copy of the laboratory analysis until the R.C. 2317.022 form was presented to the hospital on October 23, 1996.