OPINION AND JOURNAL ENTRY
{¶ 1} Relator Anthony L. Williams has filed a petition for writ of mandamus against Respondent Judge R. Scott Krichbaum of the Mahoning County Court of Common Pleas. Relator seeks to compel Respondent to issue findings of fact and conclusions of law relative to the dismissal of his petition for postconviction relief. However, Relator has not alleged facts that show a clear legal duty exists requiring the trial court to provide findings and fact and conclusions of law. Relator also has a plain and adequate remedy at law by way of direct appeal, and he is in fact pursuing that remedy. Therefore, Relator is not entitled to extraordinary relief in mandamus and this petition is hereby dismissed.
 {¶ 2} Relator was convicted in 1998 of aggravated murder in Mahoning County Court of Common Pleas Case No. 97 CR 925. The conviction and sentence were upheld on appeal. State v. Williams (Mar. 20, 2000), 7th Dist. No. 98 CA 74. Years later, Relator filed a delayed petition for postconviction relief in the matter pursuant to R.C. 2953.23. The basis of the petition for postconviction relief was the alleged discovery of new evidence that was not available at trial. On February 9, 2007, the trial court summarily dismissed Relator's motion for postconviction relief. On March 15, 2007, Relator filed his pro se petition for writ of mandamus to force the trial court to issue findings of fact and conclusions of law relating to the dismissal of his petition for postconviction relief. *Page 3 
 {¶ 3} To be entitled to a writ of mandamus, a relator must establish that he or she has a clear legal right to the relief sought, that the respondent has a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Luna v. Huffman (1996), 74 Ohio St.3d 486, 487,659 N.E.2d 1279.
 {¶ 4} Respondent has filed a Civ.R. 12(B)(6) motion to dismiss the petition for writ of mandamus. Dismissal under Civ.R. 12(B)(6) is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Relator's favor, it appears beyond doubt that there are no set of facts that could warrant the requested extraordinary relief in mandamus. State ex rel. Talwar v. State Med. Bd.of Ohio, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5.
 {¶ 5} Relator contends that mandamus is appropriate because a trial court must file findings of fact and conclusions of law when dismissing any petition for postconviction relief. Relator is incorrect. Findings of fact and conclusions of law are required only if the petition for postconviction relief is a timely petition filed pursuant to R.C.2953.21. Such findings are not required when a petition is filed under R.C. 2953.23. State ex rel. Reynolds v. Basinger, 99 Ohio St.3d 303,2003-Ohio-3631, 791 N.E.2d 459, ¶ 6. R.C. 2953.21(A)(2) requires a petition for postconviction relief to be filed within 180 days of the expiration of the time for a direct appeal, or 180 days from the date that the transcript is filed with the court of appeals in a direct appeal of the conviction. R.C. 2953.21 does not apply to Relator. His conviction dates from 1998, and his direct appeal was resolved in 2000. Relator has not alleged any set of *Page 4 
facts that would place his petition for postconviction relief within the time frame allowed by R.C. 2953.21, and in his mandamus petition he clearly indicates that he did not file a postconviction claim under R.C.2953.21.
 {¶ 6} Relator's mandamus petition alleges that he filed his petition for postconviction relief pursuant to R.C. 2953.23, which deals with untimely and successive petitions for postconviction relief. No findings of fact or conclusions of law are required to dismiss these types of petitions for pursuant to R.C. 2953.23: "`[A] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely [post-conviction relief] petition.' State ex rel. Kimbrough v.Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6. This rule applies even when the defendant, as here, claims that he was unavoidably prevented from discovering the facts that would support his claim for post-conviction relief. State ex rel. Reynolds v.Basinger, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 7."State ex rel. Hach v. Summit Cty. Court of Common Pleas,102 Ohio St.3d 75, 2004-Ohio-1800, 806 N.E.2d 554, ¶ 9.
 {¶ 7} The Ohio Supreme Court has, "consistently held that trial courts have no duty to issue findings of fact and conclusions of law on second and successive petitions for postconviction relief filed pursuant to R.C. 2953.23. State ex rel. Carroll v. Corrigan (1999),84 Ohio St.3d 529, 530, 705 N.E.2d 1226; Gause v. Zaleski (1999), 85 Ohio St.3d 614,615, 710 N.E.2d 684; State ex rel. White v. Goldsberry (1996),76 Ohio St.3d 271, 667 N.E.2d 391; State ex rel. Luna v. McGimpsey (1996),74 Ohio St.3d 485, 486, 659 N.E.2d 1278. Since R.C. 2953.23 does not distinguish *Page 5 
between untimely petitions and second or successive petitions, the trial court was not required to make findings of fact and conclusions of law when dismissing [Relator's] petition." State ex rel. Reynolds v.Basinger, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 7.
 {¶ 8} The above cases support that conclusion that a trial judge has no duty to provide findings of fact and conclusions of law when dismissing an untimely petition for postconviction relief pursuant to R.C. 2953.23. Therefore, Relator has failed to show that there was a clear legal duty on the part of the trial court to perform some act, here.
 {¶ 9} It is also clear that the issue raised, that is, whether a trial court should have provided findings of fact and conclusions of law as part of its dismissal of a R.C. 2953.23 petition for postconviction relief, is something that can be reviewed on direct appeal. See, e.g.,State v. Lordi, 7th Dist. No. 01 CA 164, 2002-Ohio-5517; State v.Beaver (1998), 131 Ohio App.3d 458, 722 N.E.2d 458; State v.Rickard (1997), 122 Ohio App.3d 185, 701 N.E.2d 437. Thus, Relator can pursue this issue in the direct appeal currently pending before this Court.
 {¶ 10} If this had been a case in which the trial court failed to issue findings of fact and conclusions of law in a timely first petition for postconviction relief, courts have held that the dismissal order is not final and appealable until the findings and conclusions are filed, and such appeals are regularly dismissed for lack of a final appealable order. State ex rel. Ferrell v. Clark (1984), 13 Ohio St.3d 3,469 N.E.2d 843; State v. McKnight, 4th Dist. No. 06CA645, 2006-Ohio-7104;State v. Rogers, 1st *Page 6 
Dist. No. C-060019, 2006-Ohio-6453. In those situations, mandamus is the only relief available because the direct appeal cannot be initiated until after the findings and conclusions are filed. In the case of untimely petitions for postconviction relief, though, the dismissal order is final and appealable immediately. Because of the availability of another adequate remedy, there is no need to resort to mandamus relief, here.
 {¶ 11} Relator has no legal right to mandamus relief. Respondent has no duty to provide Relator relief he seeks and Relator has a plain and adequate remedy by way of direct appeal. Therefore, this petition for writ of mandamus is hereby dismissed.
 {¶ 12} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
 Waite, J., concurs, Vukovich, J., concurs, DeGenaro, P.J., concurs. *Page 1