JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Lamar James (appellant) appeals from his conviction of two counts of felonious assault. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} In August 2004, appellant and Brian Petruccelli (the victim) were involved in a fight at a bar in Cleveland, stemming from the victim accusing appellant of stealing a piece of jewelry. In the early morning of September 3, 2004, the victim was involved in another fight at the same bar, this time with a friend of appellant's named Javier, whom the victim also knew. Both the victim and Javier were issued citations and then released by the Cleveland police. The citations noted that the victim and Javier were intoxicated. The victim was with a friend of his named Matt, and after being released, the victim realized that Matt's car keys were missing. Using his girlfriend's vehicle, the victim drove by himself to Javier's house, thinking that Javier might have taken Matt's keys during their skirmish. As the victim approached the house, he saw someone walk toward him, open his coat and reach to grab something. The victim ran back to his car, and as he was shutting the door, he heard a gunshot. Realizing he had been shot, the victim drove himself to the emergency room. According to the medical reports, a single bullet entered the victim's back just below his left shoulder and punctured his lungs and liver. The victim survived the shooting and was released from the hospital seven days later. The victim identified the assailant to the Cleveland police by his street name, "Nook." Detectives then put together a photo array that included appellant's picture. From these photographs, the victim identified appellant as the person who shot him.
 {¶ 3} On September 28, 2004, appellant was indicted for one count of attempted murder in violation of R.C. 2903.02 and two counts of felonious assault in violation of R.C. 2013.11, both with one- and three-year firearm specifications. The case went to trial, and on February 25, 2005, the jury returned a not guilty verdict on the attempted murder and a guilty verdict on the two counts of felonious assault, with firearm specifications. On March 31, 2005, the court sentenced appellant to eight years in prison.
 II. {¶ 4} In his first assignment of error, appellant argues that "the trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to sustain a conviction as to counts 2 and 3, felonious assault." Specifically, appellant argues that the state failed to present sufficient evidence identifying him as the person who shot the victim.
 {¶ 5} Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273.
 {¶ 6} Felonious assault is defined in R.C. 2903.11(A) as follows: "No person shall knowingly * * * [c]ause serious physical harm to another * * * or attempt to cause physical harm to another * * * by means of a deadly weapon * * *." Identification of the defendant is an essential element to any crime. In Neil v. Biggers (1972), 409 U.S. 188, 199, the United States Supreme Court adopted a totality of the circumstances test to determine whether a criminal identification is reliable:
"[T]he factors to be considered in evaluating the likelihoodof misidentification include the opportunity of the witness toview the criminal at the time of the crime, the witness' degreeof attention, the accuracy of the witness' prior description ofthe criminal, the level of certainty demonstrated by the witnessat the confrontation, and the length of time between the crimeand the confrontation."
 {¶ 7} In the instant case, appellant argues that it was dark at the time of the offense, and the victim was intoxicated and unsure who else was at the scene. The victim was the only witness to identify appellant as the shooter. Additionally, appellant argues that medical records dated September 3, 2004 indicate that the victim reported an unknown African-American male shot him. Other medical records also dated September 3, 2004 reflect that the victim reported a self-inflicted gunshot wound. Finally, medical records dated September 7, 2004 reveal that the victim reported the assailant's street name was "Nook." Appellant argues these inconsistent reports by the victim amount to an insufficient identification as a matter of law.
 {¶ 8} The state, on the other hand, argues that the victim had seen appellant on at least one prior occasion, namely, the bar fight in August 2004. The victim testified that he saw appellant walking toward him, opening his coat and reaching inside, then he heard a gun fire and realized he had been shot. Seven days after being shot, the victim identified appellant in a photo array. Additionally, the state argues that the victim knew appellant only by his street name, "Nook"; therefore, his description of being shot by an African-American male is plausible. The state also argues that the isolated medical record stating that appellant's wound was self-inflicted must be an error. All other medical documents refer to appellant being shot by another individual. Furthermore, the trajectory of the bullet, which entered the victim's upper left back and traveled downward toward his liver, is inconsistent with a self-inflicted wound.
 {¶ 9} Accordingly, the state put forth sufficient evidence to prove the essential elements of felonious assault, including identification of appellant as the assailant. Appellant's first assignment of error is overruled.
 III. {¶ 10} In his second and final assignment of error, appellant argues that "appellant's convictions were against the manifest weight of the evidence." Specifically, appellant argues that the weight of the evidence does not show that appellant was the shooter.
 {¶ 11} The proper test for an appellate court reviewing a manifest weight of the evidence claim is as follows:
"The appellate court sits as the `thirteenth juror' and,reviewing the entire record, weighs all the reasonableinferences, considers the credibility of witnesses and determineswhether, in resolving conflicts in evidence, the jury clearlylost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered."
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 12} Under this assignment of error, appellant makes the same arguments as in his first assignment of error, stating that the victim's testimony was not credible. However, issues of witness credibility are within the province of the jury. See, e.g., State v. Hill (1996), 75 Ohio St.3d 195; State v.DeHass (1967), 10 Ohio St.2d 230. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the [trier of fact] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. It is up to the jury whether to believe all, part or none of a witness' testimony. SeeState v. Antill (1964), 176 Ohio St. 61. Only in extraordinary cases will an appellate court reverse a conviction as being against the manifest weight of the evidence. State v.Thompkins, supra.
 {¶ 13} In reviewing the entire record of the case at hand, we cannot say that the jury lost its way in believing the victim's testimony and finding appellant guilty of felonious assault with firearm specifications. Appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Kilbane, J., concur.