OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} The defendant-appellant, Forrest Osborn ("Forrest"), appeals the July 21, 2006 ruling on a motion to vacate and/or correct sentence in the Court of Common Pleas of Marion County, Ohio.
 {¶ 3} On June 23, 1999, Forrest plead guilty to one count of attempted gross sexual imposition, a violation of R.C. 2923.02/2907.05(A)(4), a felony of the fourth degree, and five counts of gross sexual imposition, a violation of R.C. 2907.05(A)(4), felonies of the third degree. On that same day, he was sentenced to six months in prison on the attempted gross sexual imposition charge and community control on the five gross sexual imposition charges.
 {¶ 4} On September 7, 1999, Forrest was granted judicial release and transferred to the Volunteers of America Residential Treatment Program for Sex Offenders. On August 7, 2000, the Marion County Adult Probation Department filed a notice of violation stating that Forrest had violated the terms of his community control sanctions. On November 28, 2000, the trial court revoked Forrest's community control sanctions and he was sentenced to three years in prison on each of the five counts of gross sexual imposition to be served *Page 3 
concurrently with one another. Forrest appealed this judgment and this Court affirmed the trial court's judgment in State v. Osborn (June 26, 2001), 3rd Dist. App. No. 9-2000-107.
 {¶ 5} On August 20, 2001, the trial court granted Forrest judicial release and transferred him to the Volunteers of America Residential Treatment Program for Sex Offenders. On July 28, 2005, the Marion County Adult Probation Department filed a notice of violation alleging that Forrest had violated the terms of his community control sanctions.
 {¶ 6} On September 12, 2005, the trial court found probable cause to revoke the judicial release granted on August 20, 2001 and to reimpose the three year prison term. In addition, the trial court found that Forrest was not entitled to jail time credit for the time spent in the Volunteers of America Residential Treatment Program for Sex Offenders. Forrest appealed this finding and this Court affirmed the trial court's judgment in State v. Osborn (April 17, 2006), 3rd Dist. App. No. 9-05-35.
 {¶ 7} On May 26, 2006, Forrest filed a motion to vacate and/or correct sentence with the trial court. He argued in his motion that he was entitled to a re-sentencing hearing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and further argued that he was not sentenced to a specific prison term in accordance with State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746. On July *Page 4 
21, 2006, the trial court overruled his motion without a hearing and held that Foster did not apply to Forrest because the case was not on direct appeal and the Brooks argument was barred due to res judicata.
 {¶ 8} On August 18, 2006, Forrest filed a notice of appeal raising the following assignments of error:
 Assignment of Error I The trial court erred in denying Appellant's motion without any hearing.
 Assignment of Error II The trial court erred in denying the Appellant's motion.
 Assignment of Error III The trial court erred in determining that the Foster decision announced only a "new rule of law" inapplicable to Appellant.
 Assignment of Error IV The trial court erred in determining that the Appellant's claim of the violation of R.C. 2929.19(B)(5) at the original sentencing hearing unaffected by the Brooks holding and further barred by res judicata.
 {¶ 9} Initially, we will address the nature of the appeal because Forrest appealed from the July 21, 2006 ruling overruling his motion to vacate and/or correct sentence. There was some disagreement as to what errors were being claimed by Forrest in his motion so the trial court stated that it would consider the motion as a petition for post-conviction relief, based upon a claimed error of the *Page 5 
trial court in violation of the decision of the Supreme Court of Ohio in the case of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 10} We note on the outset that the trial court was without jurisdiction to rule on this motion. Pursuant to R.C. 2953.21(A)(2),
 Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 11} In this case, Forrest was convicted and sentenced by the trial court on June 23, 1999. He was then granted judicial release. However, he violated the terms of his community control sanctions and he was sentenced to three years in prison on November 28, 2000. The record reflects that Forrest filed a notice of appeal which was affirmed by this Court in State v. Osborn (June 26, 2001), 3rd Dist. App. No. 9-2000-107. He was granted judicial release a second time which he again violated and his judicial release was revoked and the trial court re-imposed the three year prison term on August 23, 2005. The transcript from the August 23, 2005 proceeding was filed with this Court on November 15, 2005. He appealed this judgment and this Court affirmed the trial court's judgment in State v. Osborn (April 17, 2006), 3rd Dist. App. No. 9-05-35. He then filed a motion to *Page 6 
vacate and/or correct sentence with the trial court on May 26, 2006 which was overruled on July 21, 2006. Accordingly, he filed a notice of appeal with this Court on August 18, 2006.
 {¶ 12} Pursuant to R.C. 2953.21, Forrest had to file a petition for post conviction relief within 180 days after the date on which the trial transcript is filed in the Court of Appeals in the direct appeal of the judgment of conviction or adjudication. However, Forrest did not file his petition for post conviction relief until May 26, 2006. The August 23, 2005 transcript was filed with this Court on November 15, 2005, so Forrest had until May 14, 2006 to file his petition for post-conviction relief. Accordingly, the trial court lacked jurisdiction to consider Forrest's petition because it was untimely. R.C. 2953.21(A)(2); seeState v. Cochran, 3rd Dist. No. 02-06-07, 2006-Ohio 5638; State v.Sanders, 9th Dist. No. 22457, 2005-Ohio-4267, at ¶ 10. Furthermore, the Ohio Supreme Court held in State ex rel Kimbrough v. Greene,98 Ohio St.3d 116, 2002-Ohio-7042, that "[a] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely petition" with respect to a petition for post conviction relief.
 {¶ 13} However, it is true that the Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing inFoster, supra. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void.Foster, 2006-Ohio-856, ¶ 96, 103. *Page 7 
However, the United States Supreme Court limited its holdings inBlakely and Apprendi to cases on direct review. Similarly, inFoster, the Supreme Court of Ohio restricted retroactive application of its holding to cases on direct review.
 {¶ 14} As stated in the trial court's ruling,
 The Ohio Supreme Court, at Paragraph 106 of its decision in State v. Foster, applied its holding to all cases on direct review, indicating that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases pending on direct review or not yet final. However, the direct appeal of the 1999 decision of this Court in this case was dealt with and completed in the case of State v. Osborn, 2001-Ohio-2176 (Marion App.). Accordingly, State v. Foster makes clear that its holdings are not applicable to cases that were not on direct review at the time State v. Foster was decided. The Court therefore finds that the Defendant is not entitled to a resentencing hearing based upon State v. Foster.
 {¶ 15} Upon review of the record, we find that the trial court did not err in establishing that Forrest did not have a case that was pending on direct review or that was not yet final. Accordingly, it is clear that Forrest did not have a case pending at the time Foster was decided; therefore, Forrest is not entitled to a re-sentencing hearing based onFoster.
 {¶ 16} Furthermore, the trial court noted that the issues he raised in his motion to vacate and/or correct sentence, specifically, the issue of whether he was entitled to a new sentencing hearing based upon the alleged failure of the trial court to notify Forrest of any specific prison term which would be imposed if he violated the terms of his community control, had already been dealt with in his *Page 8 
direct appeal in State v. Osborn (June 26, 2001), 3rd Dist. App. No. 9-2000-107. As this issue was already litigated in this Court, it is now barred by the doctrine of res judicata.
 {¶ 17} The Supreme Court of Ohio in State v. Perry (1967),10 Ohio St.2d 175, 180 explained the doctrine as follows:
 Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.
 {¶ 18} Thus, the principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised or could have been raised previously in an appeal. See, generally,Perry, supra. Therefore, we agree with the trial court's judgment that the issue was barred by the doctrine of res judicata.
 {¶ 19} For the reasons discussed above, all four assignments of error are overruled, and the judgment of the Court of Common Pleas of Marion County, Ohio is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. r *Page 1