OPINION
{¶ 1} Defendant-Appellant Shane D. Bortner ("Bortner") appeals from the October 17, 2007 Judgment Entry of the Court of Common Pleas, Allen County, Ohio denying his Petition for Post-Conviction Relief.
 {¶ 2} This Petition stems from Bortner's plea of no contest to three counts of Sexual Battery in violation of R.C. 2907.03(A)(3), felonies of the third degree. Bortner was found guilty and sentenced to three-year prison terms for each count of Sexual Battery, to be served consecutively, for a total of nine years in prison. Bortner was also classified as a sexual oriented offender.
 {¶ 3} Bortner's appellate counsel filed a brief in his direct appeal pursuant to Anders v. California (1967), 386 U.S. 738, 87 S. Ct. 1396,18 L.Ed.2d 493 on May 9, 2007. Appellant was granted numerous extensions of time before filing a brief on July 30, 2007 challenging the sentence imposed by the trial court. On November 16, 2007 this Court dismissed Bortner's direct appeal. State v. Bortner, 3rd Dist. No. 1-07-13.
 {¶ 4} On October 17, 2007 Bortner filed a Petition for Post-Conviction Relief. On the same day, the trial court denied the Petition.
 {¶ 5} Bortner now appeals, asserting five assignments of error.
 ASSIGNMENT OF ERROR I THE APPELLANTS [SIC] PETITION FOR POST CONVICTION RELIEF WAS ERRONEOUSLY DISMISSED *Page 3 DUE TO IT BEING UNTIMELY WHEN THE DELAY IN FILING SAID PETITION WAS THE RESULT OF THE INACTIONS OF AN OFFICER OF THE COURT OR APPELLANTS [SIC] PREVIOUS APPELLATE COUNSEL.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN APPLYING THE DOCTRINE OF RES JUDICATA TO THE APPELLANTS [SIC] POST CONVICTION PETITION DUE TO THE EVIDENCE SUPPORTING SAID PETITION NOT BEING ON THE RECORD.
 ASSIGNMENT OF ERROR III THE APPELLANTS [SIC] RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I § 10 OF THE OHIO CONSTITUTION WERE VIOLATED WHEN COUNSEL FAILED TO MOVE THE COURT TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF APPELLANTS [SIC] RIGHTS PROHIBITING WARRANTLESS SEARCHES GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I § 14 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR IV THE APPELLANTS [SIC] RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I § 10 OF THE OHIO CONSTITUTION WERE VIOLATED WHEN COUNSEL FAILED TO MOVE THE COURT TO SUPPRESS EVIDENCE THAT WAS SUPPRESSIBLE DUE TO THE EVIDENCE BEING OBTAINED THROUGH EVIDENCE THAT WAS OBTAINED BY AN ILLEGAL WARRANTLESS SEARCH THAT VIOLATED APPELLANTS [SIC] RIGHTS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I § 14 OF THE OHIO CONSTITUTION *Page 4 
 ASSIGNMENT OF ERROR V THE APPELLANTS [SIC] RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I § 10 OF THE OHIO CONSTITUTION WERE VIOLATED WHEN COUNSEL FAILED TO PROPERLY REPRESENT APPELLANT DUE TO A CONFLICT OF INTEREST.
 {¶ 6} For ease of discussion, Bortner's assignments of error will be addressed together. Specifically, Bortner contends in each of his assignments of error that the trial court erred in denying his Petition for Post-Conviction Relief.[1] In denying Bortner's Petition for Post-Conviction Relief, the trial court relied on three separate grounds.
 {¶ 7} First, the trial court found Bortner's Petition to be untimely pursuant to R.C. 2953.21(A)(2) which provides in pertinent part:
 Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or . . . (emphasis added)
This Court has previously recognized that a trial court is without jurisdiction to consider a petition for post-conviction relief that is filed outside of the statutory *Page 5 
180 day time limit. State v. Osborn, 3rd Dist. No 9-06-44, 2007-Ohio-1629. Furthermore, the Ohio Supreme Court held inState ex rel Kimbrough v. Greene (2002), 98 Ohio St.3d 116,781 N.E.2d 155, 2002-Ohio-7042, at ¶ 6, that "[a] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely filed petition" with respect to a petition for post conviction relief.
 {¶ 8} In the present case, the trial transcript in the direct appeal was filed on April 6, 2007. Bortner's Petition was filed two weeks after the 180-day deadline articulated in R.C. 2923.21(A)(2). Although Bortner claims that this delay was due to the failure to the clerk of court to serve him with notice that the transcript had been filed in the direct appeal, we note that nothing contained in the record supports this contention other than Bortner's own assertions in his brief.
 {¶ 9} Second, the trial court found that it was not required to hold a hearing before dismissing Bortner's Petition, holding that "a post conviction claim is subject to dismissal without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief." See R.C. 2953.21; State v. Pankey (1981),68 Ohio St.2d 58, 428 N.E.2d 413.
 {¶ 10} We note that if Bortner's Petition satisfied the requirements of R.C. 2953.23(A), the petition would be removed from the 180 day filing requirement of R.C. 2953.21(A). R.C. 2953.23(A)(1) requires: *Page 6 
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
In order to satisfy R.C. 2953.23 Bortner would have to show that he was "unavoidably prevented" from discovering new evidence which is the basis of his claim. In the case sub judice, Bortner presents no new evidence but instead argues that his trial counsel was ineffective for failing to move to suppress evidence before Bortner entered his plea of no contest. This does not amount to new evidence. *Page 7 
 {¶ 11} Moreover, Bortner contends that because some relationship existed between his trial counsel and ex-wife's boyfriend, a conflict of interest existed, affecting his representation. In support of this contention, Bortner attaches his ex-wife's boyfriend's criminal records from Lima Municipal Court. It appears that these records are attached to show that Bortner's trial counsel previously represented his ex-wife's boyfriend in his own criminal matter. We are, however, unclear as to how this evidences a conflict of interest in a criminal proceeding. More importantly, Bortner fails to allege that his trial counsel was even aware of the relationships that pose the potential conflict. Bortner's claims do not satisfy the requirements of R.C. 2953.23(A)(1)(a).
 {¶ 12} Third, even if Bortner's Petition was not time barred, the trial court found that Bortner's claims, with the exception of his claim of ineffective assistance of counsel, were barred by res judicata and could have been raised on direct appeal. We note that the Supreme Court of Ohio has held that the doctrine of res judicata will bar a defendant from raising any defenses or constitutional claims in a post conviction appeal under R.C. 2953.21 that were or could have been raised by the defendant at trial or on direct appeal. State v. Perry (1967),10 Ohio St.2d 175, 180, 226 N.E.2d 104. Thus, the doctrine of res judicata will bar all claims except those that were not available at trial or on appeal because they *Page 8 
are based on evidence outside the record. State v. Medsker, 3rd Dist. No. 1-04-24, 2004-Ohio-4291.
 {¶ 13} The Supreme Court of Ohio has recognized exceptions to this general rule and has held that the doctrine of res judicata does not apply to claims of ineffective assistance where the issue was not heard on direct appeal. See State v. Hester (1976), 45 Ohio St.2d 71, 75-76,341 N.E.2d 304. However, the Supreme Court of Ohio has limitedHester to situations where defendant's counsel was the same at both trial and on direct appeal, because counsel "cannot realistically be expected to argue his own incompetence." State v. Cole (1982),2 Ohio St.3d 112, 114 and fn. 1, 443 N.E.2d 169. Additionally, inCole, the Supreme Court of Ohio held that where a defendant was represented by new counsel on direct appeal "who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel," claims of ineffective assistance of counsel must be brought on direct review.Id. (Emphasis added).
 {¶ 14} In the present case, Bortner was represented by different counsel at trial, and on his direct appeal. Moreover, all of Bortner's claims are based on information that is either contained in the record, or was available to trial counsel at the time of trial. These claims are therefore, barred by res judicata.
 {¶ 15} Bortner's petition was untimely, no exception under R.C.2953.23 is applicable to remove the timeliness requirement, and the claims made in the *Page 9 
petition would be barred by the doctrine of res judicata even if we found the petition to be timely. For the foregoing reasons, Bortner's five Assignments of Error are overruled and the October 17, 2007 Judgment Entry of the Court of Common Pleas, Allen County, Ohio denying Bortner's Petition for Post-Conviction Relief is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, J.J., concur.
[1] We note that Bortner's last two assignments of error argue that he received ineffective assistance of counsel. Although Bortner styles those arguments as one would in a direct appeal, these contentions are only appealable in the present case as they are addressed in his Petition for Post-Conviction Relief. *Page 1