OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant Kurt A. Helton ("Helton") appeals from the May 1, 2008 Judgment Entry of the Court of Common Pleas, Logan County, Ohio, denying Helton's motion to amend his petition for post-conviction relief and dismissing the petition.
 {¶ 3} This petition stems from Helton's plea of guilty, on February 7, 2005, to two counts of grand theft of a firearm, felonies of the third degree, and two counts of breaking and entering, felonies of the fifth degree. On March 18, 2005, a sentencing hearing was held. The trial court sentenced Helton to four years in prison on each of the grand theft of a firearm convictions and one year in prison on each of the breaking and entering convictions. The trial court then ordered that the sentences be served consecutively for a total prison term of 10 years. Helton appealed from this sentence. This Court affirmed the sentence of the trial court. See State v. Helton, 3rd Dist. No. 8-05-06, 2005-Ohio-4184.
 {¶ 4} On January 9, 2008 Helton filed a Petition for Post-Conviction Relief. In his petition, Helton claims that evidence in the case against him was illegally seized and should have been suppressed and that there exists undisclosed *Page 3 
exculpatory evidence. In his motion to amend his petition he claimed that he had ineffective assistance of counsel. The State responded on March 18, 2008 with a motion to dismiss, arguing that all of these arguments were barred by res judicata.
 {¶ 5} On May 1, 2008 the trial court dismissed Helton's petition for post-conviction relief and denied his motion to amend the petition. We also note that during the time Helton's petition was pending, Helton was appealing the decision of the trial court denying his motion to withdraw his guilty plea to this Court. See State v. Helton, 3rd
Dist. No. 8-07-25.
 {¶ 6} Helton now appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED WHEN IT ABUSED IT'S [SIC] DISCRETION WHEN IT "VACATED" AND DID NOT HOLD A SCHEDULED EVIDENTIARY HEARING ON HELTON'S PETITION AS TO THE CLAIM THAT THE STATE VIOLATED HIS DUE PROCESS RIGHTS BY FAILING TO DISCLOSE MATERIAL EXCULPATORY EVIDENCE A CLEAR "BRADY" VIOLATION.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED WHEN IT ABUSED IT'S [SIC] DISCRETION WHEN IT DID NOT HOLD A SCHEDULED EVIDENTIARY HEARING ON HELTON'S CLAIM BASED ON "NEWLY" DISCOVERED EVIDENCE WITH REGARDS TO STATE'S KEY WITNESSES CREDIBILITY WHOM [SIC] GAVE FALSE SWORN TESTIMONY BEFORE THE TRIAL COURT TO MATERIAL FACTS IN SAID CASE REPEATEDLY AGAINST HELTON THAT HE CAN NOW SUPPORT. *Page 4 
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED TO THE PREJUDICE OF HELTON WHEN IT ABUSED IT'S [SIC] DISCRETION WHEN IT DID NOT HOLD A SCHEDULED EVIDENTIARY HEARING ON HELTON'S "AMENDED" CLAIM THAT HE HAD INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 {¶ 7} For ease of discussion, Helton's assignments of error will be addressed together. Specifically, Helton contends in each of his assignments of error that the trial court erred in dismissing his Petition for Post-Conviction Relief based on specific claims of newly discovered evidence, or in denying his motion to amend his petition in which he claims ineffective assistance of counsel.
 {¶ 8} First, we note that Helton's petition is untimely pursuant to R.C.
2953.21(A)(2) which provides in pertinent part:
 Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or . . . (emphasis added).
This Court has previously recognized that a trial court is without jurisdiction to consider a petition for post-conviction relief that is filed outside of the statutory 180 day time limit. State v. Osborn, 3rd Dist. No 9-06-44, 2007-Ohio-1629. Furthermore, the Ohio Supreme Court held in State ex rel Kimbrough v. Greene (2002),98 Ohio St.3d 116, 781 N.E.2d 155, 2002-Ohio-7042, at ¶ 6, that "[a] trial *Page 5 
court need not issue findings of fact and conclusions of law when it dismisses an untimely filed petition" with respect to a petition for post conviction relief.
 {¶ 9} In the present case, the trial transcript in the direct appeal was filed on May 24, 2005. Helton's petition is well outside the 180 day timeline articulated in R.C. 2953.21(A)(2).
 {¶ 10} Second, the trial court was not required to hold a hearing before dismissing Helton's Petition, and denying his motion to amend. A post conviction claim is subject to dismissal without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. See R.C. 2953.21; State v. Pankey (1981),68 Ohio St.2d 58, 428 N.E.2d 413. In the present case, Helton provided the trial court with nothing but his self-serving petition as new evidence.
 {¶ 11} We note that if Helton's Petition satisfied the requirements of R.C. 2953.23(A), the petition would be removed from the 180 day filing requirement of R.C. 2953.21(A). R.C. 2953.23(A)(1) requires:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 (1) Both of the following apply: *Page 6 
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
In order to satisfy R.C. 2953.23 Helton would have to show that he was "unavoidably prevented" from discovering new evidence which is the basis of his claim. In the case sub judice, Helton presents no new evidence but instead argues that some exculpatory evidence in the form of a video tape is being held by the State. The State has always maintained that no video exists. This does not amount to new evidence.
 {¶ 12} Moreover, Helton contends that new evidence has arisen with which to attack the credibility of witnesses at the suppression hearing. However, while this item of "new evidence" would likely damage the reputation of the witness, *Page 7 
this claim in no way casts doubt on Helton's guilt. Therefore, Helton's proposed "new evidence" does not satisfy the requirements of R.C. 2953.23(A)(1)(a).
 {¶ 13} Third, even if Helton's Petition was not time barred, his claims could have been raised on direct appeal and thus, were barred by res judicata. We note that the Supreme Court of Ohio has held that the doctrine of res judicata will bar a defendant from raising any defenses or constitutional claims in a post conviction appeal under R.C. 2953.21
that were or could have been raised by the defendant at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, 180,226 N.E.2d 104. Thus, the doctrine of res judicata will bar all claims except those that were not available at trial or on appeal because they are based on evidence outside the record. State v. Medsker, 3rd Dist. No. 1-04-24, 2004-Ohio-4291. Here, where claimed evidence does not exist, and evidence of questionable admissibility is being offered only to impeach a witness, these claims cannot overcome res judicata under the exception for new evidence, outside the record.
 {¶ 14} The Supreme Court of Ohio has recognized exceptions to this general rule and has held that the doctrine of res judicata does not apply to claims of ineffective assistance where the issue was not heard on direct appeal. See State v. Hester (1976), 45 Ohio St.2d 71, 75-76,341 N.E.2d 304. However, the Supreme Court of Ohio has limitedHester to situations where defendant's counsel was the same at both trial and on direct appeal, because counsel "cannot *Page 8 
realistically be expected to argue his own incompetence." State v.Cole (1982), 2 Ohio St.3d 112, 114 and fn. 1, 443 N.E.2d 169. Additionally, in Cole, the Supreme Court of Ohio held that where a defendant was represented by new counsel on direct appeal "who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel," claims of ineffective assistance of counsel must be brought ondirect review. Id. (Emphasis added).
 {¶ 15} In the present case, Helton was represented by different counsel at trial and on his direct appeal. Moreover, all of Helton's claims of ineffective assistance of counsel appear to relate to trial counsel's failure to act on pleadings Helton sent independently to the trial court prior to entering his guilty pleas. Helton's claims of ineffective assistance appear to have very little to do with counsel's conduct with respect to his negotiated plea agreement.
 {¶ 16} These actions in no way relate to Helton's guilt or innocence and are not the proper subject of a petition for post-conviction relief, as they allege no new evidence relating to guilt and are also barred by res judicata.
 {¶ 17} Helton's petition was untimely, no exception under R.C. 2953.23
is applicable to remove the timeliness requirement, and the claims made in the petition would be barred by the doctrine of res judicata, even if we found the petition to be timely. For the foregoing reasons, Helton's three Assignments of Error are overruled and the May 1, 2008 Judgment Entry of the Court of Common *Page 9 
Pleas, Logan County, Ohio denying Helton's Petition for Post-Conviction Relief is affirmed.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, J.J., concur. *Page 1