[Cite as *State ex re. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042.]

THE STATE EX REL. KIMBROUGH, APPELLANT, *v.* GREENE, JUDGE, APPELLEE.

[Cite as *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042.]

*Mandamus sought to compel common pleas court judge to issue findings of fact and conclusions of law on the denial of relator's petition for postconviction relief — Court of appeals' denial of writ affirmed, when.*

(No. 2002-1148 — Submitted November 13, 2002 — Decided December 20, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 81172, 2002-Ohio-2750.

_____

**Per Curiam.**

{¶1}    In 1999, appellant, William Kimbrough III, was convicted of rape and kidnapping and sentenced to prison.  On appeal, the Court of Appeals for Cuyahoga County affirmed his conviction and sentence.  *State v. Kimbrough* (Aug. 17, 2000), Cuyahoga App. No. 76517, 2000 WL 1195671.

{¶2}    In August 2001, Kimbrough filed a petition for postconviction relief pursuant to R.C. 2953.21.  On August 23, 2001, the Cuyahoga County Court of Common Pleas denied the petition.  That same month, Kimbrough filed a motion for findings of fact and conclusions of law on the denial of the petition for postconviction relief.  Appellee, Judge Lillian Greene of the common pleas court, refused to issue findings of fact and conclusions of law.

{¶3}    In April 2002, Kimbrough filed a petition for a writ of mandamus to compel Judge Greene to issue findings of fact and conclusions of law on her denial of his petition for postconviction relief.  Judge Greene subsequently filed a motion for summary judgment.

**{¶4}** On May 30, 2002, the court of appeals granted Judge Greene's motion for summary judgment and denied the writ. The court of appeals held that because Kimbrough's petition for postconviction relief was untimely, Judge Greene had no duty to issue findings of fact and conclusions of law.

**{¶5}** In his appeal as of right, Kimbrough asserts that the court of appeals erred in denying the writ. For the following reasons, the court of appeals properly denied the writ, and we affirm the judgment.

**{¶6}** First, as numerous Ohio appellate courts have held,[1] a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely petition. See *State v. Hansbro*, 2d Dist. No. 2001-CA-88, 2002-Ohio-2922, 2002 WL 1332297; *State v. Skipper*, 7th Dist. No. 2001 CO 20, 2002-Ohio-3008, 2002 WL 1370980; *State ex rel. Jackson v. Cuyahoga Cty. Court of Common Pleas* (Aug. 31, 2000), Cuyahoga App. No. 77999, 2000 WL 1231480; *State v. Carter* (Aug. 29, 2001), Summit App. No. 20572, 2001 WL 986210; *State v. Beaver* (11th Dist. 1998), 131 Ohio App.3d 458, 464, 722 N.E.2d 1046; *State v. Uhl* (July 17, 2000), Butler App. No. CA99-08-137, 2000 WL 979136. Kimbrough does not dispute these holdings here.

**{¶7}** Instead, Kimbrough asserts that Judge Greene was required to issue findings of fact and conclusions of law because his failure to file the petition for postconviction relief within the time requirements of R.C. 2953.21(A)(2) is excused based on the exception for newly discovered evidence in R.C. 2953.23(A). R.C. 2953.23(A) provides:

**{¶8}** "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a

---

1. We were presented with this issue but did not need to decide it in *State ex rel. Sharif v. McDonnell* (2001), 91 Ohio St.3d 46, 47, 741 N.E.2d 127.

second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:

**{¶9}** "(1) Either of the following applies:

**{¶10}** "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

**{¶11}** "(b) Subsequent to the period described in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶12}** "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

**{¶13}** Kimbrough, however, failed to allege that he came within this exception with sufficient specificity in his mandamus pleading. See *State ex rel. White v. Mack* (2001), 93 Ohio St.3d 572, 573, 757 N.E.2d 353, citing *State ex rel. Adkins v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 171, 173, 694 N.E.2d 958 (inmates are required to plead specific facts rather than unsupported conclusions); see, also, Loc.R. 45(B)(1)(a) of the 8th District Court of Appeals. In fact, in his purported pleading, Kimbrough referred to "newly discovered evidence" only once, and that was in his R.C. 2969.25 affidavit. He also alleged that he had filed his motion for findings of fact and conclusions of law "pursuant to R.C. 2953.23(A)(1)," but he did not allege specific facts supporting his conclusory allegations.

**{¶14}** Moreover, he waived his additional claim of ineffective assistance of counsel during his criminal trial by failing to raise this claim in the court of appeals. See *Phillips v. Irwin*, 96 Ohio St.3d 350, 2002-Ohio-4758, 774 N.E.2d 1218, at ¶ 6.

**{¶15}** Based on the foregoing, the court of appeals properly denied the writ. Kimbrough did not allege with the requisite specificity his entitlement to the requested extraordinary relief in mandamus.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

William Kimbrough III, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kelly Barnett, Assistant Prosecuting Attorney, for appellee.

————————————