THE STATE EX REL. REYNOLDS, APPELLANT, *v.* BASINGER, JUDGE, APPELLEE.

[Cite as *State ex rel. Reynolds v. Basinger,*
99 Ohio St.3d 303, 2003-Ohio-3631.]

(No. 2003–0337—Submitted June 3, 2003—Decided July 23, 2003.)

**Per Curiam.**

{¶ 1} In 1999, appellant, Daniel J. Reynolds, was indicted on one count of felonious assault pursuant to R.C. 2903.11, with a gun specification. Reynolds agreed to plead guilty to the charge of felonious assault in exchange for the state's agreement to dismiss the gun specification and recommend a four-year term of incarceration. The trial court accepted Reynolds's plea but rejected the state's sentencing recommendation and imposed a six-year sentence. Reynolds did not appeal his conviction or sentence.

{¶ 2} On July 15, 2002, Reynolds filed a petition for postconviction relief with the trial court alleging ineffective assistance of trial counsel. Reynolds claimed that his trial counsel was ineffective for failing to advise him as to the availability of a claim of self-defense. The trial court denied Reynolds's petition.

{¶ 3} On November 13, 2002, Reynolds filed a petition for a writ of procedendo and an alternative request for a writ of mandamus seeking to compel Judge Randall Basinger, appellee, to issue findings of fact and conclusions of law, which he claims should have accompanied the judge's dismissal of his petition for postconviction relief. The court of appeals dismissed the petition, finding that Reynolds had failed to comply with R.C. 2969.25 and that he had no clear legal right to have additional findings of fact and conclusions of law issued.

{¶ 4} This cause is now before the court upon an appeal as of right.[1]

{¶ 5} Reynolds originated this action in the court of appeals by filing a petition for a writ of procedendo and an alternative request for a writ of mandamus. As a general matter, procedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment. See *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d

---

1. Appellee's request for oral argument is denied.

899. However, Reynolds is not entitled to the requested relief for the following reasons.

{¶ 6} The trial judge was under no duty to issue findings of fact and conclusions of law in response to Reynolds's petition for postconviction relief. R.C. 2953.21 governs initial petitions for postconviction relief that are filed timely. Trial courts are required to issue findings of fact and conclusions of law only in regard to petitions that are filed pursuant to R.C. 2953.21(A)(2). See R.C. 2953.21(C) and *State v. Lester* (1975), 41 Ohio St.2d 51, 70 O.O.2d 150, 322 N.E.2d 656, paragraph two of the syllabus.

{¶ 7} Because Reynolds's petition was filed beyond the 180-day period set forth in R.C. 2953.21(A)(2), it could have been considered only as an untimely petition for postconviction relief filed pursuant to R.C. 2953.23. Unlike R.C. 2953.21, R.C. 2953.23 does not require trial courts to issue findings of fact and conclusions of law. In fact, we have consistently held that trial courts have no duty to issue findings of fact and conclusions of law on second and successive petitions for postconviction relief filed pursuant to R.C. 2953.23. *State ex rel. Carroll v. Corrigan* (1999), 84 Ohio St.3d 529, 530, 705 N.E.2d 1226; *Gause v. Zaleski* (1999), 85 Ohio St.3d 614, 615, 710 N.E.2d 684; *State ex rel. White v. Goldsberry* (1996), 76 Ohio St.3d 271, 667 N.E.2d 391; *State ex rel. Luna v. McGimpsey* (1996), 74 Ohio St.3d 485, 486, 659 N.E.2d 1278. Since R.C. 2953.23 does not distinguish between untimely petitions and second or successive petitions, the trial court was not required to make findings of fact and conclusions of law when dismissing Reynolds's petition.

{¶ 8} Additionally, neither a writ of procedendo nor a writ of mandamus will issue if an adequate remedy exists in the ordinary course of law. See *State ex rel. Utley v. Abruzzo* (1985), 17 Ohio St.3d 203, 204, 17 OBR 439, 478 N.E.2d 789, and *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph one of the syllabus. Here, Reynolds had an alternative remedy by way of direct appeal of his postconviction-relief action to challenge the asserted failure to state findings of fact and conclusions of law.

{¶ 9} Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Daniel J. Reynolds, pro se.

Kurt Sahloff, Putnam County Prosecuting Attorney, and Scott E. Welch, Assistant Prosecuting Attorney, for appellee.