JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} In this appeal, defendant-appellant William Kimbrough, III appeals pro se from the judgment of the Cuyahoga County Common Pleas Court which denied his motion for relief from judgment pursuant to Civ.R. 60(A). For the following reasons, we affirm.
 {¶ 3} After a jury trial, defendant was convicted of rape and kidnapping. Defendant was sentenced to life imprisonment with the possibility of parole.
 {¶ 4} Defendant's conviction and sentence were affirmed by this Court in State v. Kimbrough (Aug. 17, 2000), Cuyahoga App. No. 76517. Defendant's petition for postconviction relief was dismissed without opinion by the trial court on August 23, 2001. Defendant's motion for findings of fact and conclusions of law was dismissed by the trial court on January 3, 2002.
 {¶ 5} Defendant's writ of mandamus requesting this Court to order the trial court to file findings of fact and conclusions of law was dismissed by this Court in State ex rel. Kimbrough v. Greene (May 30, 2002), Cuyahoga App. No. 81172. In that decision, this Court held that the trial court had no duty to issue findings of fact and conclusions of law because defendant's original petition for postconviction relief was untimely. The Supreme Court affirmed that judgment in State ex rel.Kimbrough v. Greene (2002), 98 Ohio St.3d 116, 2002-Ohio-7042. Defendant's motion for relief from judgment pursuant to Civ.R. 60(A) was denied by the trial court on March 6, 2003. It is from this decision that defendant now appeals and raises one assignment of error for our review.
 {¶ 6} "I. The trial court abused its discretion and prejudicially erred in denying appellant's motion for relief from judgment filed pursuant to Civ.R. 60(A)."
 {¶ 7} In his sole assignment of error, defendant argues that he is entitled to relief from judgment pursuant to Civ.R. 60(A) because he did not receive a copy of the trial court's entry denying his original petition for postconviction relief. Specifically, defendant states that notice of that decision was mailed to defendant's father, William Kimbrough, Jr., who is imprisoned at the Richland Correctional Institution, rather than to him at the Mansfield Correctional Institution. Defendant alleges that this error prohibited him from filing a timely appeal of the trial court's decision denying his petition for postconviction relief. We find that even if the trial court's error in service prevented the defendant from filing a timely appeal, defendant is unable to show any prejudice. Specifically, since the trial court lacked jurisdiction to entertain defendant's petition for postconviction relief because it was untimely filed, any appeal, even if timely filed, of his petition for postconviction relief would have been overruled by this Court.
 {¶ 8} Defendant's sole assignment of error is overruled.
 {¶ 9} The judgment is affirmed.
Judgment affirmed.
Timothy E. McMonagle and Sean C. Gallagher, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
 {¶ 10} It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.