THE STATE EX REL. HACH, APPELLANT, *v.* SUMMIT COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. Hach v. Summit Cty. Court of Common Pleas,* 102 Ohio St.3d 75, 2004-Ohio-1800.]

(No. 2003–2070—Submitted March 31, 2004—Decided April 28, 2004.)

**Per Curiam.**

{¶ 1} The Summit County Court of Common Pleas convicted appellant, Thomas Hach, of 11 counts of rape and ten counts of gross sexual imposition and sentenced him to prison. On appeal, the court of appeals affirmed. *State v. Hach* (Jan. 3, 2001), Summit App. No. 19772, 2001 WL 7381.

{¶ 2} On August 28, 2003, the common pleas court denied Hach's petition for post-conviction relief. On September 5, 2003, the common pleas court denied Hach's motion to disqualify the trial court judge and to appoint a separate judge to review his petition for post-conviction relief.

{¶ 3} On September 26, 2003, Hach filed a complaint in the Court of Appeals for Summit County. In his complaint, Hach requested a writ of mandamus to compel the common pleas court to (1) determine his post-conviction-relief petition, (2) disqualify the trial court judge from hearing the matter, (3) hold an evidentiary hearing on the petition, and (4) issue findings of fact and conclusions of law.

{¶ 4} The common pleas court moved to dismiss Hach's complaint. On October 17, 2003, the court of appeals granted the motion and dismissed Hach's mandamus action.

{¶ 5} In his appeal of right, Hach asserts that the court of appeals erred in dismissing his mandamus claims. For the following reasons, Hach's contentions are meritless.

{¶ 6} First, insofar as Hach requested that the common pleas court rule upon his petition for post-conviction relief, that court had already done so. *State ex rel. Whiteside v. Fais* (2001), 91 Ohio St.3d 463, 464, 746 N.E.2d 1113 ("Mandamus will not issue to compel an act that has already been performed," e.g., ruling on a petition for post-conviction relief).

{¶ 7} Second, R.C. 2701.03, which governs the procedure for disqualifying a common pleas court judge because of prejudice, provided an adequate legal remedy for Hach to raise his claim that his trial court judge was prejudiced against him. *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35, 656 N.E.2d 332. R.C. 2701.03(A) requires that the affidavit of disqualification be filed with the clerk of this court rather than with the common pleas court.

{¶ 8} Third, Hach had an "adequate remedy at law by appeal to raise his claim that his sentencing court erred in not conducting evidentiary hearings before dismissing his postconviction relief petitio[n]." *Gause v. Zaleski* (1999), 85 Ohio St.3d 614, 615, 710 N.E.2d 684.

{¶ 9} Finally, "a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely [post-conviction relief] petition." *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6. This rule applies even when the defendant, as here, claims, under R.C. 2953.23, that he was unavoidably prevented from discovery of the facts to present his claim for post-conviction relief. *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 7.

{¶ 10} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Thomas Hach, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.