JOURNAL ENTRY AND OPINION
{¶ 1} Relator requests that this court compel respondent judge to issue findings of fact and conclusions of law with respect to the petition for post-conviction relief filed by relator in State v. Axson,
Cuyahoga County Court of Common Pleas Case No. CR-402353 on January 21, 2005.
 {¶ 2} Respondent has filed a motion to dismiss attached to which is a copy of the docket in CR-402353. Relator has not opposed the motion. Respondent argues that he does not have a clear legal duty to issue findings of fact and conclusions of law. We agree.
 {¶ 3} R.C. 2953.21(A)(2) provides, in pertinent part:
Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.
The transcript in the direct appeal from Case No. CR-402353, State v.Axson, Cuyahoga App. No. 81231, 2003-Ohio-2182, was filed on June 10, 2002. The petition for post-conviction relief was filed on January 21, 2005. The petition was due on or before December 9, 2002. Axson has not demonstrated that any exception to the one-hundred-eighty-day requirement applies.
 {¶ 4} Because the petition was untimely, respondent did not have a clear legal duty to issue findings of fact and conclusions of law. Stateex rel. Kimbrough v. Greene, Cuyahoga App. No. 81172, 2002-Ohio-2750, affirmed by 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155; State exrel. Jackson v. Court of Common Pleas (Aug. 31, 2000), Cuyahoga App. No. 77999. As a consequence, denial of relief in mandamus is appropriate.
 {¶ 5} There are other grounds for denying relief in this action.
"The petition is also deficient in several aspects. As was the case in [Griffin v. McFaul, Cuyahoga App. No. 81658, 2002-Ohio-4929], [petitioner] has failed to: support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a); include the addresses of the parties as required by Civ.R. 10(A); * * *; and support his complaint with the affidavit required by R.C. 2969.25(A). Each of these defects is a sufficient ground for dismissal of this action."
Kittrell v. Adult Parole Auth., Cuyahoga App. No. 81744, 2002-Ohio-5574, at ¶ 2. Similarly, Axson has not complied with these requirements.
 {¶ 6} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
Calabrese, Jr., J., concurs Kilbane, J., concurs.