{¶ 1} On October 24, 2006, the relator, Lamar James, commenced this mandamus action against the respondent, Judge William Coyne, to compel the judge to issue findings of fact and conclusions of law for a postconviction relief petition which James filed in the underlying case,State v. James, Cuyahoga County Common Pleas Court Case No. CR-456958 on August 28, 2006. On November 6, 2006, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds that no findings of fact and conclusions of law are necessary when the postconviction relief petition is untimely filed. James never filed a response to the judge's motion for summary judgment. For the following reasons, this court grants the judge's dispositive motion and denies the application for a writ of mandamus.
{¶ 2} After a jury found Lamar James guilty of two counts of felonious assault, the trial judge on March 31, 2005, sentenced him to two concurrent eight-year sentences. James appealed, and the clerk filed the record, including the transcript, by April 27, 2005. This court affirmed. State v. James, Cuyahoga App. No. 86231, 2005-Ohio-6973. On August 28, 2006, James filed the subject postconviction relief petition which the judge denied without findings of fact and conclusions of law on September 26, 2006.
{¶ 3}Subsection (A)(2) of R.C. 2953.21, the postconviction petition statute, provides in pertinent part as follows: "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." In the instant case, James filed his postconviction relief petition sixteen months after the transcript had been filed with this court in the direct appeal. Thus, the petition is untimely on its face.
{¶ 4}The Supreme Court of Ohio has held that a trial court has no duty to issue findings of fact and conclusions of law when it dismisses an untimely postconviction relief petition. State ex rel. Hach v. SummitCty. Court of Common Pleas, 102 Ohio St.3d 75, 2004-Ohio-1800,806 N.E.2d 554; State ex rel. Reynolds v. Basinger, 99 Ohio St.3d 303,2003-Ohio-3631, 791 N.E.2d 459; and State ex rel. Kimbough v.Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155. Therefore, mandamus will not lie to compel a judge to issue findings of fact and conclusions of law for an untimely filed postconviction relief petition.
{¶ 5}Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
COLLEEN CONWAY COONEY, J., and SEAN C. GALLAGHER, J., CONCUR