Ron O'Brien, Franklin County Prosecuting Attorney, and Kimberly M. Bond, Assistant Prosecuting Attorney, for appellant.

Yeura R. Venters, Franklin County Public Defender, and John W. Keeling, Assistant Public Defender, for appellee.

————

THE STATE EX REL. JAMES, APPELLANT, *v.* COYNE, JUDGE, APPELLEE.

[Cite as *State ex rel. James v. Coyne,* 114
Ohio St.3d 45, 2007-Ohio-2716.]

(No. 2007–0031—Submitted May 23, 2007—Decided June 20, 2007.)

———

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel a judge to issue findings of fact and conclusions of law regarding the denial of an untimely postconviction-relief petition. We affirm.

{¶ 2} In 2005, appellant, Lamar James, was convicted of two counts of felonious assault, with firearm specifications, and was sentenced to eight years in prison.

On appeal, the court of appeals affirmed. *State v. James*, Cuyahoga App. No. 86231, 2005-Ohio-6973, 2005 WL 3549182.

{¶ 3} In August 2006, James filed a petition for postconviction relief based on newly discovered evidence. Appellee, Judge William J. Coyne of the Cuyahoga County Court of Common Pleas, denied the petition.

{¶ 4} James then filed a petition in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Judge Coyne to issue findings of fact and conclusions of law relating to his denial of James's petition for postconviction relief. Judge Coyne filed a motion to dismiss or for summary judgment. The court of appeals granted Judge Coyne's motion for summary judgment and denied the writ.

{¶ 5} The court of appeals properly denied the writ. "[A] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely [postconviction-relief] petition." *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6. "This rule applies even when the defendant, as here, claims, under R.C. 2953.23, that he was unavoidably prevented from discovery of the facts to present his claim for post-conviction relief." *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004-Ohio-1800, 806 N.E.2d 554, ¶ 9; *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 7. Moreover, James failed to allege with sufficient specificity in his mandamus petition that he came within the newly-discovered-evidence exception to the time requirement of R.C. 2953.23. *Kimbrough*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 13.

{¶ 6} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Lamar James, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellee.