[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Judge Thomas Matia is no longer on the bench. Pursuant to Civ.R. 21, this court drops Judge Thomas Matia as the respondent and adds the Cuyahoga County Common Pleas Court as the respondent.
 JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On October 19, 2007, the relator, Lawrence Collier, commenced this mandamus action to compel findings of fact and conclusions of law for a postconviction relief petition which Collier filed in the underlying case, State v. Collier, Cuyahoga County Common Pleas Court Case No. CR-201669, on April 1, 2005. On January 16, 2008, the respondent, through the Cuyahoga County Prosecutor, moved to dismiss because no findings of fact and conclusions of law are necessary when the postconviction relief petition is untimely filed. Collier never filed a response to the dispositive motion. For the following reasons, this court grants the motion to dismiss and denies the application for a writ of mandamus.
 {¶ 2} In late 1985, Collier pleaded guilty to aggravated murder, aggravated robbery and rape. The court on April 11, 1986, sentenced him to life imprisonment with parole eligibility after twenty years. Collier timely appealed, and the record was filed on June 2, 1986. This court affirmed. State v. Collier (June 11, 1987), Cuyahoga App. No. 51993. On April 1, 2005, Collier filed the subject postconviction relief petition. On April 28, 2005, the trial court denied the petition without findings of fact and conclusions of law. This mandamus action followed.
 {¶ 3} Subsection (A)(2) of R.C. 2953.21, the postconviction petition statute, provides in pertinent part as follows: "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of *Page 4 
conviction * * *." In the instant case Collier filed his postconviction relief petition approximately nineteen years after the transcript had been filed with this court in the direct appeal. Thus, the petition is untimely on its face.
 {¶ 4} The Supreme Court of Ohio has held that a trial court has no duty to issue findings of fact and conclusions of law when it dismisses an untimely postconviction relief petition. State ex rel. Hach v. SummitCounty Court of Common Pleas, 102 Ohio St.3d 75, 2004-Ohio-1800,806 N.E.2d 554; State ex rel. Reynolds v. Basinger, 99 Ohio St.3d 303,2003-Ohio-3631, 791 N.E.2d 459; and State ex rel. Kimbough v.Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155. Therefore, mandamus will not lie to compel a respondent to issue findings of fact and conclusions of law for an untimely filed postconviction relief petition.
 {¶ 5} Accordingly, this court grants the respondent's motion to dismiss and denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 COLLEEN CONWAY COONEY, J., and PATRICIA A. BLACKMON, J., CONCUR. *Page 1