[Cite as *State v. Capers*, 2012-Ohio-2683.]

STATE OF OHIO      )           IN THE COURT OF APPEALS
                       )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

STATE OF OHIO                          C.A. No.       11CA010085

     Appellee

     v.                                  APPEAL FROM JUDGMENT
                                         ENTERED IN THE
LAMAR M. CAPERS                COURT OF COMMON PLEAS
                                         COUNTY OF LORAIN, OHIO
     Appellant                            CASE No.      09CR079681

DECISION AND JOURNAL ENTRY

Dated: June 18, 2012

CARR, Judge.

{¶1} Appellant, Lamar M. Capers, appeals the judgment of the Lorain County Court of Common Pleas denying his petition for post-conviction relief. This Court affirms.

I.

{¶2} This case arises of out a dispute between Capers and his girlfriend which occurred during the early morning hours of December 15, 2009. On January 28, 2010, the Lorain County Grand Jury indicted Capers on one count of discharging a firearm into a habitation with a repeat violent offender specification; one count of having a weapon while under disability due to a prior conviction for a felony offense of violence with a firearm specification; one count of having a weapon while under disability due to a prior drug conviction with a firearm specification; one count of possession of drugs; one count of aggravated menacing; and one count of domestic violence. After a bench trial, Capers was found guilty of both counts of having a weapon while under disability with a firearm specification, possession of cocaine, and aggravated menacing.

The trial court found Capers not guilty of discharging a firearm into a habitation and not guilty of domestic violence. The trial court subsequently merged the two counts of having a weapon while under disability, along with the related firearm specifications. Capers was sentenced to a total of seven years in prison. On direct appeal, this Court affirmed Capers' convictions but remanded for the proper imposition of post-release control. *State v. Capers*, 9th Dist. No. 10CA009801, 2011-Ohio-2443, *appeal not accepted*, 129 Ohio St.3d 1506, 2011-Ohio-5358.

{¶3} On June 27, 2011, Capers filed a pro se petition for post-conviction relief pursuant to R.C. 2953.23, asserting that his conviction was void in regard to the firearm specification. In support of his position, Capers argued that the Department of Rehabilitation and Corrections violated the separation of powers doctrine by reopening and modifying one of his prior judgments of conviction, rendering him susceptible to the charge of having weapons while under disability with a firearm specification in the instant case. On September 15, 2011, the trial court issued a journal entry denying the petition on the basis that it was untimely pursuant to R.C. 2953.21(A)(2).

{¶4} Capers filed a notice of appeal on October 13, 2011. On appeal, he raises two assignments of error. We consolidate those assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR I**

TRIAL COURT ABUSED ITS DISCRETION BY ENTERING JUDGMENT THAT EVINCES A PERVERSITY OF WILL, DEFIANCE OF JUDGMENT AND/OR EXERCISE OF PASSION OR BIAS.

**ASSIGNMENT OF ERROR II**

TRIAL COURT FAILED TO EXERCISE DISCRETION IN MATTERS OF MERITS UNDERPINNING UNTIMELY PETIT[I]ON.

{¶5} In his first and second assignments of error, Capers argues that the trial court erred and abused its discretion by denying his petition. This Court disagrees.

{¶6} In support of his first assignment of error, Capers argues that the trial court was precluded from concluding it lacked authority to rule on his petition for post-conviction relief after it issued a journal entry in which it set a deadline for the State to respond. Capers reasons that by setting a deadline for the State to respond, the trial court implicitly concluded that the "specific facts plead could withstand dismissal." In his second assignment of error, Capers argues that the trial court failed to recognize that he had submitted evidentiary materials which demonstrated that his petition was properly before the court, and warranted analysis under R.C. 2953.23. Capers further asserts that because he claimed in his petition that his firearm specification conviction was void, the trial court had authority to address his petition because timeliness is not an issue in matters involving void judgments.

{¶7} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. *See* App.R. 3(A) and 4(A). A trial court is not permitted to entertain a petition that is filed after the timeframe unless the conditions of R.C. 2953.23(A)(1) or (A)(2) are met. *State v. Hoffmeyer*, 9th Dist. No. 25477, 2011-Ohio-1046, ¶ 7; R.C. 2953.23(A). Specifically, R.C. 2953.23(A) states:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶8} In this case, the trial court properly denied Capers' petition for post-conviction relief on the basis that it was untimely. As an initial matter, we note that the trial court's issuance of a mere scheduling order providing the State with a deadline to respond to Capers' petition did not equate to a substantive determination that the trial court had authority to rule on the merits of the petition. With respect to the specific posture of this case, the trial transcript from Capers' direct appeal in Case No. 10CA009801 was filed in this Court on September 24, 2010. Capers filed his petition in the trial court on June 27, 2011, approximately three months after the 180-day window set forth in R.C. 2953.21(A)(2) had closed. In his petition, Capers appeared to assert that he was unavoidably prevented from discovering the facts necessary to support his claim by stating that he "ha[d] just been able to persuade his dorm case manager that [the] demands of R.C. 5120.21(A) must yield to public interest in justice." The only evidence Capers offered in support of his petition were his prior sentencing entries, as well as printouts from the "Departmental Offender Tracking System Portal." As Capers failed to offer any explanation as to why the sentencing information contained in the documents attached to his petition was not either known or could have been known at the time of trial, Capers did not demonstrate that his untimely filing was justified pursuant R.C. 2953.21(A)(1). While Capers

argues on appeal that the trial court failed to properly analyze his petition, the trial court's judgment entry did include a discussion of when the petition had been filed and why it was untimely pursuant to R.C. 2953.21(A)(2). Moreover, the Supreme Court of Ohio has held that a trial court need not issue findings of fact and conclusions of law when it dismisses a petition as untimely. *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, ¶ 6, *see also State v. McGee*, 9th Dist. No. 01CA007952, 2002-Ohio-4249, ¶ 11-13. Furthermore, while Capers asserts that the trial court's judgment was void and points to the Supreme Court of Ohio's decision in *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, we note that his claims fell squarely within the scope of a petition for post-conviction relief as he alleged constitutional violates. As Capers' motion was, in fact, a petition for post-conviction relief, he was subject to the requirements of R.C. 2953.21(A)(2). Thus, as Capers' petition was untimely and did not fall within one of the exceptions set forth in R.C. 2953.23(A)(1) or (A)(2), the trial court properly concluded that it did not have authority to entertain the petition.

{¶9} It follows that Capers' first and second assignments of error are overruled.

III.

{¶10} Capers' assignments of error are overruled. The judgment of the Summit County Court of Common pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

LAMAR M. CAPERS, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BILLIE JO BELCHER, Assistant Prosecuting Attorney, for Appellee.