[Cite as *State v. Hicks*, 2012-Ohio-3985.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. CT2012-0017 |
| JOSEPH A. HICKS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2010-0170

JUDGMENT:                                AFFIRMED

DATE OF JUDGMENT ENTRY:      August 21, 2012

APPEARANCES:

For Appellant:                                For Appellee:

JOSEPH A. HICKS, PRO SE            D. MICHAEL HADDOX
Allen Correctional Institution          MUSKINGUM COUNTY PROSECUTOR
Attention C-Unit
2338 North West Street                  RON WELCH
Lima, OH 45801                             27 N. Fifth Street, Suite 201
                                                  Zanesville, OH 43701

*Delaney, P.J.*

{¶1} Defendant-Appellant Joseph A. Hicks appeals the February 13, 2012 judgment entry of the Muskingum County Court of Common Pleas denying Hicks's Petition for Post Conviction Relief. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On August 11, 2010, Hicks snatched the purse off the arm of an elderly woman in the parking lot of a local restaurant. Hicks was indicted by the Muskingum County Grand Jury on August 18, 2010 for one count of robbery in violation of R.C. 2911.02(A)(2), with a repeat violent offender specification under R.C. 2941.149; one count of theft in violation of R.C. 2913.02(A)(1); and one count of theft in violation of R.C. 2913.02(A)(1).

{¶3} Hicks entered a guilty plea on November 1, 2010 to one count of robbery in violation of R.C. 2911.02(A)(2), a second degree felony; one count of theft in violation of R.C. 2913.02(A)(1), a fourth degree of felony; and one count of theft in violation of R.C. 2913.02(A)(1), a fifth degree of felony. The trial court informed Hicks he was subject to mandatory post release control for three years.

{¶4} The trial court sentenced Hicks by judgment entry on December 1, 2010. Pursuant to the plea negotiations, the State asked leave to nolle the repeat violent offender specification to Count One of the indictment. The trial court granted the State leave. The trial court sentenced Hicks to five years in prison on Count One, one year in prison on Count Two, and one year in prison on Count Three. The terms were ordered to be served concurrently. The trial court further ordered that because Hicks was currently on postrelease control for a prior robbery conviction, the trial court terminated Hicks's postrelease control and reimposed the remaining twenty-three

months in prison to be served consecutively to the five-year prison sentence in the present case.

{¶5} Hicks filed a Notice of Appeal of the sentencing entry on October 12, 2011. Hicks filed a Motion for Leave to File a Delayed Appeal. This Court denied said motion on November 28, 2011.

{¶6} On February 6, 2012, Hicks filed a Petition to Vacate Judgment of Conviction or Sentence with the trial court. The trial court denied the petition without a hearing on February 13, 2012.

{¶7} It is from this decision Hicks now appeals.

## ASSIGNMENTS OF ERROR

{¶8} Hicks raises eleven Assignments of Error:

{¶9} "I. THE APPELLANT HAD 23 MONTHS ADDED TO HIS PRISON SENTENCE UNLAWFULLY.

{¶10} "II. THE POST RELEASE CONTROL PORTION OF THE APPELANT'S [SIC] SENTENCE HAS BEEN IMPOSED CONTRARY TO LAW.

{¶11} "III. COUNSEL PROVIDED INEFFECTIVE ASSISTANCE FOR FAILING TO ASSURE THAT TREATMENT FOR SUBSTANCE ABUSE BE INCLUDED IN THE RESOLUTION OF THE CASE.

{¶12} "IV. COSTS HAVE BEEN IMPOSED AGAINST THE APPELLANT UNLAWFULLY.

{¶13} "V. THE AMOUNT OF RESTITUTION ASSESSED AGAINST THE APPELLANT IS ARBITRARY, AND HAS BEEN IMPOSED CONTRARY TO LAW.

{¶14} "VI. THE FIRST COUNT IN THE INDICTMENT IS FATALLY DEFECTIVE.

{¶15} "VII. THE 'REPEAT VIOLENT OFFENDER' SPECIFICATION IN THE INDICTMENT IS CONTRARY TO LAW.

{¶16} "VIII. THE SECOND COUNT IN THE INDICTMENT IS FATALLY DEFECTIVE.

{¶17} "IX. THE THIRD COUNT IN THE INDICTMENT IS FATALLY DEFECTIVE.

{¶18} "X. COUNSEL PROVIDED INEFFECTIVE ASSISTANCE FOR ALLOWING THE APPELLANT TO BE SUBJECTED TO REPEATED INTERROGATIONS BY THE POLICE WITHOUT COUNSEL'S PRESENCE OR ADVICE.

{¶19} "XI. THE APPELLANT RECEIVED ERRONEOUS INFORMATION REGARDING JUDICIAL RELEASE THAT WAS A SIGNIFICANT FACTOR IN HIS DECISION TO CHANGE HIS PLEA FROM 'NOT GUILTY' TO 'GUILTY' AND ENTER INTO A PLEA AGREEMENT WITH THE STATE."

**ANALYSIS**

{¶20} Before we address Hicks's eleven Assignments of Error, we first address the timeliness of his petition for post conviction relief.

{¶21} Hicks was not permitted to file a delayed direct appeal of his conviction and sentence. Hicks filed a petition for post conviction relief, which the trial court denied without a hearing.

{¶22} "A petition for post conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Perry,* 5th Dist. No.2010CA00185, 2011–Ohio–274, ¶ 12, citing *State v. Murphy*, 10th Dist. No. 00AP–233, 2000 WL 1877526 (Dec. 26, 2000). "Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment." *Id.,* citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999–Ohio–102, 714 N.E.2d 905; *State v. Steffen*, 70 Ohio St.3d 399, 410, 693 N.E.2d 67 (1994). "A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition." *Id.,* citing *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980); *State v. Lewis,* 5th Dist. No. 2007CA00358, 2008–Ohio–3113 at ¶ 8. A court need not issue findings of fact and conclusions of law when it dismisses an untimely petition or successive petitions for post conviction relief. *State ex rel. Kimbrough v. Greene,* 98 Ohio St.3d 116, 2002–Ohio–7042, 781 N.E.2d 155; *State ex rel. Fuller v. Sutula*, 86 Ohio St.3d 301, 714 N.E.2d 924 (1999).

{¶23} R.C. 2953.21(A)(2) provides that if no direct appeal was taken, a petition for post conviction relief shall be filed no later than 180 days after the date on which the time for filing an appeal expired. Hicks's petition, filed nearly one year after the time for appeal expired, is clearly untimely under this statute. However, pursuant to R.C. 2953.23(A), the court may consider an untimely filed petition:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81

of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death. As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

{¶24} Hicks acknowledges his petition for post conviction relief is untimely. He states that due to the uncooperative actions of his trial counsel, Hicks only recently received the contents of his file. Hicks requested and received copies of the indictment and his sentencing entry from the Clerk of Courts in preparation of his petition. A review of Hicks' petition shows he argues ineffective assistance of counsel, an improper sentence of an additional 23 months, improper imposition of postrelease control, incorrect amount of restitution, improper imposition of court costs due to his indigence, errors in the indictment, improper police questioning, and the failure of the trial court to grant him judicial release.

{¶25} Upon our review of the record, we find the issues raised by Hicks were discoverable to Hicks prior to entering his pleas of guilty in this case. A review of the "Plea of Guilty", signed by Hicks and entered on November 1, 2010, shows the issues that Hicks argues in his petition as being newly discovered were actually outlined within the plea agreement.

{¶26} Further, Hicks has not provided this Court with a transcript of the change of plea and sentencing hearings. In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), the Supreme Court of Ohio held the following: "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. *See State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). Without a transcript of the proceedings, Hicks cannot demonstrate any error or irregularity in connection with the trial court's decision. *Knapp, supra*.

{¶27} Hicks finally argues his counsel provided ineffective assistance. Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of

the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶28} Based on Hicks' arguments, we cannot find there was ineffective assistance of counsel or that the outcome of Hicks's sentencing would have been different.

{¶29} Accordingly, Hicks's eleven Assignments of Error are overruled.

## CONCLUSION

{¶30} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

PAD:kgb

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                          :

|                       | :                              |
| Plaintiff - Appellee  | :   JUDGMENT ENTRY             |
|                       | :                              |
|                       | :                              |
| -vs-                  | :                              |
|                       | :   Case No.   CT2012-0017     |
| JOSEPH A. HICKS       | :                              |
|                       | :                              |
| Defendant - Appellant | :                              |
|                       | :                              |

For the reasons stated in our accompanying Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE