[Cite as *State ex rel. Howard v. Saffold*, 2022-Ohio-521.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| STATE OF OHIO, EX REL., LEONARD HOWARD, | : | |
| | : | |
| Relator, | : | |
| | : | No. 111031 |
| v. | : | |
| JUDGE SHIRLEY STRICKLAND SAFFOLD, | : | |
| | : | |
| Respondent. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** February 23, 2022

Writ of Mandamus
Motion No. 551945
Order No. 552457

### *Appearances:*

Russell S. Bensing, *for relator.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Relator, Leonard Howard, seeks a writ of mandamus to compel respondent, Judge Shirley Strickland Saffold, to rule on Howard's postconviction-

relief petition filed in an underlying case. For the following reasons, we deny the requested writ as moot.

## I. Background

{¶ 2} On November 19, 2021, Howard filed the instant complaint for writ of mandamus. There, he alleged that on May 29, 2020, he filed a postconviction-relief petition in his criminal case, *State v. Howard*, Cuyahoga C.P. No. CR-91-263243. He further alleged that no decision had been issued by respondent at the time the complaint was filed. Howard sought a writ of mandamus directing respondent to rule on the pending petition and, if it was denied, to issue findings of fact and conclusions of law.

{¶ 3} Respondent filed a motion for summary judgment on January 18, 2022, asserting that she denied the petition for postconviction relief by issuing a written decision on January 18, 2022. A certified copy of this journal entry and opinion were attached to the motion, which was also supported by an affidavit. According to respondent's motion, she asserted that Howard received all the relief to which he is entitled in this action. Respondent went on to argue that Howard is not entitled to findings of fact and conclusions of law and a writ of mandamus may not require her to issue them.[1] Howard did not file a brief in opposition to the motion for summary judgment.

---

[1] Respondent has not argued a lack of compliance with provisions of R.C. 2969.25 as a basis for denying the claim for relief in this case. This court notes that Howard failed to provide an affidavit of prior civil actions required by this statute when he filed his complaint. Failure to comply with R.C. 2969.25(A), where applicable, requires the denial

## II. Law and Analysis

{¶ 4} A writ of mandamus may issue when relators demonstrate, by clear and convincing evidence, that they have a clear legal right to the requested relief, that a respondent has a clear legal duty to provide the requested relief, and they possess no other adequate remedy in the ordinary course of the law. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7, citing *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.

{¶ 5} The action is before the court on respondent's motion for summary judgment. "Summary judgment is proper when an examination of all relevant materials filed in the action reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 165 Ohio St.3d 292, 2021-Ohio-2374, 178 N.E.3d 492, ¶ 11, citing Civ.R. 56(C).

{¶ 6} The Ohio Rules of Superintendence provide guidelines for the expeditious resolution of matters before the courts. According to these rules, postconviction-relief petitions should be decided within 180 days of the date of filing. Sup.R. 39(B)(5). However, these rules are advisory and do not create enforceable rights. *In re A.P.D.*, 8th Dist. Cuyahoga No. 100504, 2014-Ohio-1632, ¶ 13, quoting *Allen v. Allen*, 11th Dist. Trumbull No. 2009-T-0070, 2010-Ohio-475,

---

of a claim for relief in mandamus. *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3.

¶ 31, quoting *State v. Gettys*, 49 Ohio App.2d 241, 243, 360 N.E.2d 735 (3d Dist.1976). At the same time, "'procedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment.'" *State ex rel. Culgan* at ¶ 10, quoting *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5. The Rules of Superintendence "guide [courts] in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ." *Id.* at ¶ 11.

**{¶ 7}** Here, respondent has demonstrated through evidence admissible pursuant to Civ.R. 56(C) that she has proceeded to judgment. She has issued a journal entry and opinion denying Howard's postconviction-relief petition. Respondent has therefore fulfilled her legal duty to proceed to judgment.

**{¶ 8}** In his complaint, Howard sought the issuance of findings of fact and conclusions of law if his postconviction-relief petition was denied. Generally, it is true that a trial court has a duty to issue findings of fact and conclusions of law when denying a timely postconviction-relief petition. R.C. 2953.21(H). But here, there is no allegation in the complaint that Howard's postconviction-relief petition was timely. The only evidence before this court is that Howard was convicted in 1991 and did not file his petition until 2020, well beyond the period for a timely petition. Accordingly, his petition constitutes an untimely or successive petition under R.C. 2953.23(A). A court may not entertain an untimely or successive petition unless the petitioner demonstrates that certain conditions set forth in the statute are met. If the trial judge determines that these conditions are not met and denies the petition

on this basis, it is not required to issue findings of fact and conclusions of law. *State ex rel. Hough v. Saffold*, 131 Ohio St.3d 54, 2012-Ohio-28, 960 N.E.2d 451, ¶ 4, citing *State ex rel. James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, 867 N.E.2d 837, ¶ 5. Further, a writ will not issue to direct a judge to issue them under these circumstances. *State ex rel. Ashipa v. Kubicki*, 114 Ohio St.3d 459, 2007-Ohio-4563, 872 N.E.2d 1235, ¶ 4. The *Ashipa* Court affirmed the dismissal of a complaint for writ of procedendo seeking the issuance of findings of fact and conclusions of law after a judge denied a postconviction-relief petition, recognizing

> "a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely [postconviction-relief] petition." *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6. "This rule applies even when the defendant * * * claims, under R.C. 2953.23, that he was unavoidably prevented from discovery of the facts to present his claim for post-conviction relief." *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004-Ohio-1800, 806 N.E.2d 554, ¶ 9.

(Brackets sic.) *Id.*

{¶ 9} Accordingly, Howard has received all the relief to which he is entitled in this action. There is nothing left for this court to direct respondent to do. As a result, the action is moot. A writ of mandamus should not issue to resolve a moot claim because "'[m]andamus will not compel the performance of an act that has already been performed.'" *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303,

2011-Ohio-229, 943 N.E.2d 1010, ¶ 10, quoting *State ex rel. Dehler v. Kelly*, 123 Ohio

St.3d 297, 2009-Ohio-5259, 915 N.E.2d 1223, ¶ 1.[2]

{¶ 10} Respondent's motion for summary judgment is granted. Howard's

request for a writ of mandamus is denied. Costs to respondent; costs waived. The

clerk is directed to serve on the parties notice of this judgment and its date of entry

upon the journal. Civ.R. 58(B).

{¶ 11} Writ denied.


_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR

---

[2] The Supreme Court of Ohio has also clarified that the failure to issue findings of fact and conclusions of law, when required, is not a jurisdictional impediment to appealing the denial of a postconviction-relief petition. *State ex rel. Penland v. Dinkelacker*, 162 Ohio St.3d 59, 2020-Ohio-3774, 164 N.E.3d 336. Therefore, even if respondent were required to issue them in the underlying case, Howard has or had an adequate remedy at law by way of appeal, precluding relief in mandamus.